### Elihu R. Hawks *vs.* William H. Truesdell.

Special findings of the jury in an action at law, not confirmed by a judgment of the court nor essential to or involved in the general verdict, are not conclusive of the facts found, on either party, in another trial of the same cause.

On the trial of an action upon a promissory note there were special findings in favor of the defendant as to the consideration of the note, but the judge directed a general verdict for the plaintiff on grounds to which the defendant alleged exceptions, which were sustained. At the new trial, the plaintiff conceded that those findings negatived the only consideration for the note on which he relied, whereupon the judge ruled that he was estopped from offering evidence of such consideration, and directed a verdict for the defendant. *Held*, that this ruling was erroneous.

CONTRACT on a promissory note. At the second trial in the superior court, after the decision reported 12 Allen, 564, *Brigham*, J., directed a verdict for the defendant, and the plaintiff alleged exceptions. The case is stated in the opinion.

*G. M. Stearns*, for the plaintiff.

*J. G. Allen*, for the defendant, cited *French* v. *Hanchett*, 12 Pick. 15; *Sutton* v. *Dana*, 1 Met. 383; *Shapleigh* v. *Wentworth*, 13 Met. 358; *Stiles* v. *Granville*, 6 Cush. 462; *Lawler* v. *Earle*, 5 Allen, 22; *Hamilton Woollen Co.* v. *Goodrich*, 6 Allen, 201; *Jones* v. *Fales*, 5 Mass. 101; *Train* v. *Collins*, 2 Pick. 145; *Glover* v. *Holbrook*, 5 Allen, 155; Gen. Sts. *c.* 112, § 15; *c.* 114, § 12; *c.* 115, § 9; *Davis* v. *Maxwell*, 12 Met. 286; *Lowell Gas Light Co.* v. *Bean*, 1 Allen, 274; *Phillips* v. *Soule*, 6 Allen, 152.

WELLS, J. At the first trial of this case in the superior court there were two special findings by the jury, favorable to the defendant, touching the consideration of the note in suit; but, under the instructions of the court, a general verdict was re-

turned for the plaintiff. The defendant took exceptions to these instructions, and his exceptions were sustained by this court. Upon a new trial in the superior court the defendant moved that a formal verdict might be ordered by that court and a judgment rendered thereon in his favor; claiming that, under the decision of this court, the special findings at the former trial were conclusive of his right thereto. The plaintiff conceded that the only consideration relied upon by him was one which had been negatived by the previous special findings. Thereupon the judge ruled that the plaintiff was precluded from showing such consideration, and directed a verdict and judgment for the defendant.

The question, therefore, which the case presents is this : In a suit at law, can special findings of a jury, not confirmed by any judgment of the court, nor involved in any general verdict, be relied on, in a trial before another jury in the same or another suit, as proof of the facts thus found ? We think it clear, both upon principle and authority, that they cannot. It is the verdict, with the judgment of the court upon it, which constitutes the estoppel, or the *res adjudicata.* That may furnish conclusive proof of all essential facts involved in it. Special findings may be resorted to to ascertain upon what facts the verdict and judgment were rendered. But facts so found are not conclusively established between the parties unless they are also essential to or shown to be involved in the verdict and judgment. *Gilbert* v. *Thompson,* 9 Cush. 348. *Burlen* v. *Shannon, ante,* 200.

When facts specially found by the jury are necessarily decisive of the case, a general verdict, in accordance therewith, will be sustained, notwithstanding that exceptions are well taken upon other points, or that other controverted facts are not found in favor of the same party. Even where the verdict is to be set aside, the court may undoubtedly regard such special findings in determining whether the circumstances require that the whole case be opened for a new trial, or only that part of the case in respect of which there has been error at the previous trial. The cases cited by the defendant go no further than this. No decision is cited, and we think none can be found to sustain

the position of the defendant in the present case. The exceptions were sustained by this court without any limit upon or direction in regard to the new trial which would necessarily follow. The error at the first trial was not limited to any subordinate point, but affected the entire verdict. That verdict having been vacated, the special findings upon subordinate questions furnish no basis upon which another jury can render an opposite verdict, or any verdict whatever. They have not the force of adjudications by which either party can be concluded. If, upon the new trial, the plaintiff attempts to maintain positions and establish proofs contrary to the positions and proofs which he sought to maintain and establish at the former trial, that may be urged against him and considered by the jury as matter *in pais.* But it will be for the jury and not for the court to determine how much weight shall be given to such circumstances. As the court below ruled that the plaintiff was precluded from proving any facts inconsistent with the special findings at the former trial, the verdict for the defendant was improperly directed, and the *Exceptions must be sustained.*