FRANK W. DOWNER & others *vs.* WILLIAM F. CRIPPS.

Suffolk.    November 16, 1897. — February 26, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Money paid — Broker — Conversion — Verdict — Action — Defence.*

A verdict for the plaintiff in an action for the conversion of stock which the defendant had bought as a broker for the plaintiff and afterwards sold, crediting the proceeds to the plaintiff, is to be regarded as establishing conclusively the plaintiff's right to the stock, and that the sale was unwarranted.

If A. repudiates the sale by B. of stock which the latter had bought as a broker for him, and sues for and recovers the value of the stock, A. cannot, in an action against him by B. to recover back money which he has paid for him, be permitted to allege that the sale was a valid one, or, because B. has wrongfully sold his stock, to avoid liability to him for money which he has paid on his account.

CONTRACT, upon an account annexed, for money paid by the plaintiffs for the defendant, at his request, in the purchase of certain stock and bonds.    The case was submitted to the Superior Court, and, after judgment for the plaintiffs, to this court, on appeal, upon agreed facts, in substance as follows.

On May 4, 1893, the plaintiffs purchased for the defendant, at his request, fifty shares of the capital stock of the Atchison, Topeka, and Sante Fé Railroad Company, and paid therefor the sum of $1,506.25.

On June 29, 1893, the plaintiffs purchased for the defendant, at his request, fifty shares of the capital stock of the Atchison, Topeka, and Santa Fé Railroad Company, and paid therefor the sum of $1,106.25.

On September 10, 1895, the plaintiffs purchased for the defendant, at his request, second mortgage income bonds of the Atchison, Topeka, and Santa Fé Railroad Company, of the par value of $10,000, and paid therefor the sum of $3,562.50, and on the conditions set forth in an order, dated August 28, 1895, as follows:

" Buy for my account and risk, order good until cancelled, $10,000 Atchison 2d @ 35 or less [limit raised to 35½ Sept. 9th]. Waiving all notice, I hereby authorize the sale or purchase of this or any other stocks, bonds, or securities, in my account, at

public or private sale, when it is deemed necessary by you for your protection, and should there be any loss, I agree to make it good."

In May and July, 1893, the plaintiffs received from the defendant cash on account to the aggregate amount of $2,505; and on September 16, 1895, at the request of the defendant, the plaintiffs sold a part of the bonds, to wit, bonds of the par value of $5,000, and received therefor the sum of $1,625, which sum they applied to the credit of the defendant.

On December 23, 1895, the plaintiffs, for their protection, as provided in the above order, sold the remainder of the bonds and all of the stock, and received for the bonds the sum of $893.73, and for the stock the sum of $1,212.50, and they applied to the credit of the defendant such part of the proceeds as was due to them for money which they had expended for him at his request; and the surplus, to wit, the sum of $18.17, the plaintiffs paid to the defendant on his draft.

At the time of the payment of such sum to the defendant, it was paid by the plaintiffs in settlement of the account between them; and the defendant made no objection to the sale of the bonds or the stock which had been made by the plaintiffs as above set forth, nor to the settlement of the account as made.

On March 16, 1896, the defendant brought an action against the plaintiffs for the conversion of the bonds and stock, which was tried in the Superior Court, with a jury. Before the case was argued, it was agreed that there had been no conversion of the bonds; but a verdict was rendered for the plaintiffs in the sum of $1,248.87, as damages for the conversion of the stock.

Thereupon the plaintiffs cancelled the credit of the proceeds of the sale of the stock, namely, the sum of $1,212.50, which they made to the account of the defendant without any assent or justification on the part of the defendant, unless such assent or justification can be legally implied from the facts hereinbefore stated.

On October 20, 1896, the defendants in the last named action filed a motion for a stay of execution until they might have an opportunity to bring this action and have the executions set off against each other. The court did not order a stay of execution, but ordered the action continued for judgment until the further

order of the court; and no judgment has yet been entered on the verdict.

*G. P. Wardner*, for the defendant.

*J. Herbert,* for the plaintiffs.

MORTON, J. For aught that appears, judgment will follow in due course upon the verdict which was recovered by the defendant against the plaintiffs when the order for continuance is vacated or rescinded. We think, therefore, that the verdict must be regarded as establishing conclusively the plaintiffs' right to the stock, and that the sale was unwarranted. *Burlen* v. *Shannon*, 99 Mass. 200. *Hawks* v. *Truesdell*, 99 Mass. 557. *Franklin* v. *Greene*, 2 Allen, 519. In crediting the proceeds of the sale to the defendant, the plaintiffs acted on the assumption, which was strengthened by conduct on the part of the defendant, that the sale had been rightfully made by them. It turns out on investigation that it was not rightfully made. In what respect the sale was wrongful does not appear. But we think that the defendant, having seen fit to repudiate the sale and to sue for and recover the value of the stock, cannot now be permitted, in an action by the plaintiffs to recover back money which they paid for him, to allege that the sale was a valid one, or, because the plaintiffs have wrongfully sold his stock, to avoid liability to them for money which they have paid on his account. He gets all that he is entitled to if he gets the value of his stock. He ought not also to get the benefit of what the plaintiffs have paid at his request, there being nothing to show that the parties were engaged in unlawful transactions. *Durant* v. *Burt*, 98 Mass. 161. *Jones* v. *Ames*, 135 Mass. 431.

*Judgment affirmed.*