ELIZABETH H. GLIDDEN *vs.* GEORGE WHIPPLE, Admr.

PROVIDENCE—JULY 31, 1901.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1)   *Equity.   Finding by Jury.   Estoppel.   Res Judicata.*

Pub. Stat. R. I. cap. 192, § 9, relating to issues of fact in equity causes, provides that "The verdict of the jury upon questions of fact involved in the issues submitted to them shall be conclusive thereupon, unless set aside by the court for cause and a new trial granted upon such or amended or other issues to be framed by said court" :—

*Held,* that, as no reference to a finding of a jury was made in the decree based upon the verdict, and no new trial granted upon the finding, the inference was that it was set aside for cause, an apparent cause being that it was not material to the issue of the bill, and the court expressly negativing the conclusiveness of the finding by providing that the decree should be "without prejudice" to a suit based upon a cause of action in contravention of such finding.

*Held,* further, that the finding was not an estoppel to such suit subsequently brought.

(2)   *Equity.   Performance of Conditions.*

*Held,* further, that such finding could not be taken as conclusive under a plea of performance of conditions of a bond, upon which the present ·action was based, as such action would amount to treating it as an estoppel contrary to the rule above stated, and would also nullify the decree of the court that such decree was entered without prejudice to the party to bring such suit upon the bond.

DEBT ON BOND.   The facts are fully stated in the opinion. Heard on pleadings.

STINESS, C. J.   The plaintiff sues for a breach of bond given by Welcome Whipple, the defendant's intestate, July 28, 1879.   The condition of the bond recited that whereas the plaintiff, then Elizabeth H. Whipple, had transferred to Welcome Whipple one hundred and thirty shares of the R. I. & Mass. R. R. Co.   "If the said Welcome Whipple, his heirs, executors, administrators or assigns shall well and truly pay or cause to be paid to said Elizabeth H. Whipple, her heirs, executors, administrators or assigns, semi-annually, all the interest which shall or may accrue on the aforesaid

one hundred and thirty shares, over and above six per cent. per annum, for and during the term or period of nine years from the date of this instrument; and also transfer to said Elizabeth H. Whipple, her heirs or assigns, all or such number of said one hundred and thirty shares of said capital stock as the said Elizabeth H. Whipple, her heirs or assigns, shall request in writing to have transferred, and at their par value, and within nine years of the date of this instrument, then this obligation to be void, otherwise to be and remain in full force and effect." Prior to the bond, Ariel C. Whipple, then the husband of the plaintiff, was indebted to his brother, Welcome Whipple, in the sum of $18,703. The latter owned the farm in Cumberland where his brother Ariel lived and which the plaintiff wished to purchase. It was then agreed that Welcome should take the one hundred and thirty shares of stock, of the par value of $100 per share, in extinguishment of $13,000 of the indebtedness; that he should convey the farm to Mrs. Whipple and take a mortgage thereon for the sum of $5,703.

(1) This agreement was carried out, and it was further agreed that Ariel or his wife could redeem the stock, or a part of it, at any time within nine years, and that any interest over six per cent. accruing on said stock should be applied to the extinguishment of the mortgage note.

To secure this agreement the bond was given by Welcome Whipple, but, as drawn, it did not include the whole agreement. The plaintiff brought a suit upon the bond, at the October term of this court, 1883, and thereupon Welcome Whipple filed a bill in equity to reform the bond, claiming also that the bond had been fully executed, as so reformed, and that it should be cancelled and surrendered. Issues of fact were tried to a jury, with the following findings: (1) That it was agreed that all interest in excess of six per cent. per annum was to be applied by Welcome Whipple in extinguishment of the mortgage debt. (2) That by mutual mistake the bond was not so drawn as to carry out the agreement of the parties, the above words in regard to interest over six per cent. being omitted. (3) That after the death

of Ariel C. Whipple and before any demand to redeem said stock, and before any interest in excess of six per cent. had accrued thereon, Mrs. Whipple notified Welcome Whipple that she did not intend to redeem said stock and directed him to sell the same, which he did.

Upon the findings a decree was entered reforming the bond, enjoining the prosecution of the pending suit upon the bond, as originally drawn, and providing, after other incidental matters, that "nothing herein contained shall be construed to prejudice . . . the right of the respondents," (the plaintiff in this action and her husband, Mr. Glidden, now deceased) . . . "to bring suit upon said bond for the excess of the dividends accruing on said stock, over six per cent. per annum, after the payment in full of said mortgage indebtedness." Under this provision in the decree this action is brought.

It is agreed that dividends at the rate of ten per cent. per annum, payable semi-annually, continued to be paid on said stock down to and including July 1, 1888, nine years from the date of the execution of said bond, but that Welcome Whipple, having sold said stock, never received any of such dividends. The condition of the bond as reformed covers two obligations: one to pay to the complainant "all the interest which shall or may accrue on the aforesaid one hundred and thirty shares, over and above six per centum, after payment of the mortgage debt, for and during the period of nine years from the date of this instrument;" and the other "to transfer to said Elizabeth H. Whipple, her heirs or assigns all or such number of said one hundred and thirty shares of said capital stock as the said Elizabeth H. Whipple, her heirs or assigns shall request to have transferred, and at their par value, and within nine years of the date of this instrument." The complainant contends that the consideration for the transfer of her thirty shares of stock, which were her own property and in no way liable for the debts of her husband, was that for a period of nine years she should have the excess of dividends over six per cent., which would not only pay her mortgage debt, but leave her a surplus for the stock, if the

rental of the railroad was kept up. She therefore claims that this first condition of the bond was a substantive agreement in her favor, distinct from her option to redeem the stock if she was able to do so.

The defendant relies on the finding in the former suit, which is set up by a special plea in bar as *res adjudicata*.

That the findings of the jury on the issues in equity are not, of themselves, a bar, is evident from the fact that an estoppel does not arise from the verdict alone, but from the judgment of the court based upon the verdict. *Hawkes* v. *Truesdale*, 99 Mass. 557.

In *Allen* v. *Blunt*, 3 Story, 742, Mr. Justice Story said : "In a court of equity the verdict, independent of the adoption and sanction of it by the court, can establish nothing in the case."

Pub. Stat. cap. 192, § 9, in force when the issues in equity were tried, provided : "The verdict of the jury upon the questions of fact involved in the issues submitted to them shall be conclusive thereupon, unless set aside by the court for cause and a new trial granted upon such, or amended or other issues to be framed by said court."

As no reference to the finding about the sale of the stock was made in the decree, and no new trial granted upon it, the inference is that it was set aside for cause ; and an apparent cause is that it was not material to the issue of the bill, which was simply a bill to reform the bond, with the relief incidental thereto.

The court not only did not sanction or adopt the finding in its decree, but it expressly negatived the conclusiveness thereof by providing that the decree should be "without prejudice" to a suit for the cause of action here set out. This was within the province of the court, if the finding was upon an immaterial issue. As said in *Reynolds* v. *Hennessy*, 17 R. I. 169 : "The intention and effect of such a reservation in a decree are, by express terms, to prevent it from operating as a bar to another suit." The finding, therefore, is not an estoppel in this action.

(2)   The only other plea is that of performance of the conditions of the bond.

The plea is not sustained by the facts before us unless, as the defendant assumes, we are to take the finding of the jury as a conclusive settlement of the fact that Mrs. Glidden directed the sale of the stock, whereby Welcome Whipple became excused from further performance of the condition.

To do this, however, would not only, under another form, turn the mere finding of the jury into an estoppel, contrary to the rule above stated, but it would also nullify the decree of the court that such decree was entered without prejudice to the respondent to bring such a suit upon the bond.

It would also be contrary to Welcome Whipple's understanding of the contract, as evidenced by his bill, wherein he offered to return the stock and to account for the dividends in excess of six per cent.  Doubtless the court held that such an accounting was not incidental to a bill to reform the bond, and so entered the decree without prejudice.  The evidence in the bill in equity is not before us, and we have no means of knowing upon what ground the decree was based otherwise than by an inspection of the record.  If the direction to sell was to be conclusive, the court should have entered a decree cancelling the bond instead of reforming it.  If it could properly have found that there had been full performance of the bond, the same decree should have been entered. But if nothing was before the court except the reformation of the bond, then these other matters were outside of the suit and can have no validity or force.

By the agreed statement of facts in this case the record in the original suit on the bond, which we understand to mean the papers in that case, is made a part of the agreed statement of facts.  Among the papers is a deposition by Welcome Whipple, taken in July, 1883, after the sale of the stock by him, in which is this question and answer:

Interrogatory 42.  "Why did you sell said shares of stock?  I was advised by James Ray, brother of Joseph and also president of the R. R. Co. that if I held the stock it would depreciate in value and other persons told me to sell it

to prevent loss. Everybody I knew who held stock in the company except the Rays and Mrs. Whipple did not forbid me to sell it as she ought to so I sold it. It would have helped me mightily if she, Mrs. Whipple, had been frank with me and I wished before I got home I had not sold it, but still I was bound to Lizzie for the interest over and above six per cent. and I said I would not go back on the agreement about the interest though I had sold the stock. I had no business to have sold it till the nine years were up without her consent." He said that he sold the stock at par.

In answer to interrogatory 113 he testified as follows:

"How do you expect and intend to pay Elizabeth H. Whipple, any dividend which may hereafter accrue in excess of six per cent. specified in said bond if any should hereafter accrue?

"I don't expect to pay her till I get my pay. I calculate that there is eleven hundred dollars due me now on account of back interest. When dividends are paid that would be enough to make up the back interest and give something due to Elizabeth, I shall be able to pay them; just how I cannot now say, but I have always been able to live up to my agreements and mean to now and shall do so if this suit is withdrawn."

From the date of the citation for this deposition, it must have been taken for another case; but, finding it with the case 2365, we assume that it was used in that case. We do not refer to it as establishing the fact, but as a document throwing light upon the decree entered by the court. It tends to show that Welcome Whipple recognized a liability to account for the dividends on the stock for the term of nine years; and if his testimony was the same in the equity suit in this respect, and in regard to Mrs. Whipple's consent to the sale of the stock, the court may well have rejected the finding of the jury as one against the evidence.

In any view of the case, however, we are bound to assume that the court acted rightly; and as the decree, drawn by the court and not by counsel, makes no reference to the finding set up by the defendant in this case, we cannot regard it as

showing either an estoppel or a performance of the conditions of the bond.

The cases relied on by the defendant to show that the finding of the jury is conclusive are quite different from the question here presented. *Tiernay* v. *Claflin*, 15 R. I. 220, was a petition by the complainants for a new trial of issues which had been tried before a jury. The court did not discuss the effect of a finding not embodied in a decree, but simply the question whether the verdict was against the evidence. The court found the evidence doubtful, and said : "If the jury had given a verdict against Claflin we should doubtless have accepted it ; but still we are not convinced that a verdict for him is so clearly erroneous that we ought to set it aside."

In *Peckham* v. *Armstrong*, 20 R. I. 539, a motion was made to enter a decree upon issues found. The court said that the burden was upon the party objecting to the decree to satisfy the court that the findings of the jury were against the evidence. Nothing of the kind was shown, and consequently the complainant was entitled to the entry of his decree.

The burden being upon the defendant, under his plea, to prove performance, *Douglas* v. *Hennessy*, 15 R. I. 272, the plaintiff makes a *prima facie* case and is entitled to judgment for the penal sum of the bond. The amount for which execution may issue is reserved to the chancerization of the bond, under Gen. Laws, cap. 246, §§ 3, 4.

Tillinghast, J., dissents.

*Comstock & Gardner*, for complainant.

*Charles A. Wilson and C. J. Farnsworth*, for respondent.