LOUISA E. WELSH *vs.* MILTON WATER COMPANY.
JAMES WELSH *vs.* SAME.

Suffolk.    November 13, 1908. — January 5, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Practice, Civil,* New trial.

An order of a trial judge setting aside a verdict as against the evidence, upon a motion in writing to set it aside for that reason, is final, and is in no wise invalidated or affected by further ordering the setting aside of certain specific findings of the jury on material issues submitted to them, as by the setting aside of the general verdict the whole case is reopened for a new trial, and the specific findings become void, whether any reference is made to them in the order or not.

TWO ACTIONS OF TORT, the first by a married woman to recover damages for lead poisoning alleged to have been caused by the use of drinking water furnished by the defendant, and the second by the husband of the plaintiff in the first case for the expenses of her illness and the loss of her society. Writs dated respectively August 4, 1902, and April 24, 1907.

In the Superior Court the cases were tried together before *Bond,* J. The jury returned a verdict for the plaintiff in the first case in the sum of $3,000 and a verdict for the plaintiff in the second case in the sum of $1,500.

Special questions were submitted to the jury and were answered by them as follows:

1. " Did any of the officers of the defendant company know prior to the time when Mrs. Welsh ceased to take the water, that the water furnished to the house where Mrs. Welsh lived was of such a character that it was dangerous to drink after it had passed through the lead service pipe in the house where she

lived, by reason of lead which might be contained in solution in such water?" The jury answered "No."

2. "If the officers of the defendant company did not know prior to the time when Mrs. Welsh ceased to use the water that the water furnished to the house where Mrs. Welsh lived was of such a character that it was dangerous to drink after it had passed through the lead service pipe in the house where she lived, by reason of lead which might be contained in solution in such water, were said officers negligent during the year 1900 in not ascertaining about the quality of such water and the liability of its containing lead from its contact with the lead service pipes?" The jury answered "Yes."

3. "If the officers of the defendant company did not know prior to the time when Mrs. Welsh ceased to use the water that the water furnished to the house was of such a character that it was dangerous to drink after it had passed through lead service pipes in the house where she lived, by reason of lead which might be contained in solution in such water, were said officers negligent during the year 1901, and prior to the knowledge of the first case of lead poisoning in Milton in that year in not ascertaining about the quality of such water and the liability of its containing lead from its contact with the lead service pipes?" The jury answered "Yes."

After verdict the defendant made a motion for a new trial in each case on the following grounds:

"First. That the verdict was against the evidence in the case.

"Second. That the verdict was against the weight of the evidence in the case.

"Third. That the jury was influenced and prejudiced in favor of the plaintiff by incompetent, irrelevant and immaterial testimony offered by the plaintiff in the presence of the jury and excluded by the court, and by reason of such prejudice found for the plaintiff.

"Fourth. Because the jury disregarded the instruction of the court as to the law applicable to the issues involved between the parties."

After a hearing the judge granted the motions, entering the following order in each case:

· " The officers of the defendant company having relied upon the State board of health to notify them if there was anything unsafe in the water supplied by the defendant to its water takers and not having received any notice from the State board of health that it was unsafe cannot properly be held to have been negligent in not ascertaining that the water was unsafe. I therefore set aside the verdict as being against the evidence and set aside the second and third special findings of the jury."

The plaintiffs excepted to the foregoing order alleging that it constituted a ruling as a matter of law, and to the order setting aside the second and third findings of the jury and the verdict, and to the statements made in the order, alleging them to be a ruling as a matter of law.

The following statement was included in the bill of exceptions: " There was evidence to support the special findings and verdict of the jury as above unless the defendant was relieved from liability by its reliance upon the State board of health as set forth in the evidence."

*J. P. Fagan,* (*J. E. Cotter* with him,) for the plaintiffs.

*F. Rackemann,* (*R. W. Dunbar* with him,) for the defendant.

BRALEY, J. It is provided by R. L. c. 173, § 112, that " the courts may, at any time before judgment, set aside the verdict in a civil action and order a new trial for any cause for which a new trial may by law be granted; but a verdict shall not be set aside except upon a motion in writing by a party to the cause, stating the reasons relied upon for its support." But, while the decision of the court must be confined to the reasons stated, whether a new trial shall be granted is wholly discretionary, and to the exercise of his judicial discretion by the trial judge no exception lies to this court. *Peirson* v. *Boston Elevated Railway,* 191 Mass. 223, 230. *Reeve* v. *Dennett,* 137 Mass. 315, 318. *Shanahan* v. *Boston & Northern Street Railway,* 193 Mass. 412, and cases cited.

The defendant's motion, among other reasons, alleged that the verdict was against the evidence and the weight of the evidence, and in the memorandum the order was distinctly put upon this ground. It is the order setting the verdict aside, based upon the grounds stated in the motion, which vacates the verdict, not the reasons of decision, whether stated orally or reduced to writing

and filed in the case. *Boyd, petitioner*, 199 Mass. 262. The plaintiffs, however, while recognizing this, strongly urge that the scope of the order went farther, because certain specific findings made in their favor by the jury on questions submitted to them involving important issues, are also specifically set aside. But the contention is not well founded, for, if no such reference had-been made or order entered, when the general verdict in their support fell and the whole case had been reopened for a new trial, these findings fell with it. *Hawks* v. *Truesdell*, 99 Mass. 557. *Monies* v. *Lynn*, 119 Mass. 273. *Hart* v. *Brierley*, 189 Mass. 598, 604. *McCrum* v. *Corby*, 15 Kans. 112, 117.

*Exceptions overruled.*