GELLMAN POGROTZKY *vs.* MAX LEVATINSKY.

Suffolk.   December 12, 1913. — May 25, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Equity Jurisdiction,* To relieve from results of fraud. *Fraud. Equity Pleading and Practice,* Decree.

In a suit in equity to compel the redelivery of a mortgage note, which was signed by a person in Russia and was owned by the plaintiff and was alleged to have been procured from the plaintiff by the defendant through fraud, it appeared that the defendant had lent to the plaintiff $500 for which the plaintiff had given him a note secured by a mortgage of real estate in Dedham, that, being in need of further funds, the plaintiff again had applied to the defendant for further advances, that the defendant, without making a definite promise, had encouraged the plaintiff to think that the advances would be made and in that connection had induced the plaintiff to deliver to him the Russian mortgage note. Later, because of the intervention of others, the defendant agreed to redeliver the Russian mortgage note and to make the further advances if the plaintiff would give him a new mortgage for $900 and a release of all demands, that the plaintiff gave the new mortgage and the mortgage for $500 was discharged, but that through fraud of the defendant the plaintiff was induced to sign and deliver to him an assignment of the Russian mortgage note and that the defendant then refused to make the promised advances or to return the Russian mortgage note to the plaintiff. While this suit was pending the $900 mortgage was foreclosed by a sale without notice to the plaintiff. A master who heard the case found that the amount due on that "mortgage at the time of said foreclosure was $675." A final decree was made directing the cancellation of the assignment of the Russian mortgage note and the redelivery of that note to the plaintiff. The defendant appealed, contending that, because of the quoted finding of the master, the redelivery should not be ordered without a payment by the plaintiff of $675. *Held,* that the appeal was without merit, because the Russian mortgage note was not delivered to the defendant as security.
In the same suit, the final decree stated "that the mortgage and note for $900 . . . was obtained from the plaintiff by fraud exercised by the defendant upon the plaintiff," but did not order any relief as to that note and mortgage. The plaintiff did not, and the defendant did appeal, and contended that so much of the decree should be stricken out. *Held,* that the decree should be modified by striking out the finding, because it was irrelevant to any relief given.
A final decree in a suit in equity should not contain findings of fact which are not relevant to relief given by the decree.

LORING, J. This case comes to this court on an appeal taken by the defendant from a final decree in favor of the plaintiff.* The many questions raised during the trial of the case have all been waived by the defendant except the question whether on the facts found by the master he is entitled to have the decree modified.

As we construe the master's report, the facts were in substance as follows: The plaintiff, a Russian who did not understand the English language and who at the time of the matters herein complained of had been in this country less than a year, was during that time living with the defendant, who was his brother in law. He had bought a lot of land, subject to a mortgage of $2,400, and was engaged in the erection of a house upon it. Being short of funds he applied to the defendant for assistance. The defendant lent him $500 on a second mortgage of the house. Later he applied to the defendant for further assistance to enable him to finish the house. The defendant, without making a definite agreement, encouraged the plaintiff to think that he would make a further loan, and in that connection requested the plaintiff to deliver to him a note held by the plaintiff for two thousand rubles (equal to $1,000), which was secured by a mortgage on personal property situate in Russia. The defendant, having obtained possession of this note, refused to make any further advances. After the plaintiff had been to New York to seek the assistance of a relative of both the plaintiff and the defendant, and after some correspondence, the defendant promised to redeliver the note to the plaintiff if the plaintiff would execute a release of all claims and demands which he had against him because of his previous detention of the note. The defendant also agreed that if the plaintiff would give him a $900 second mortgage on the real estate in place of the $500 mortgage then held by him, he would make further advances. Thereupon, the $500 mortgage was discharged and a new mortgage for $900 was executed by the plaintiff and was delivered to the defendant on May 15, 1911. At the same time the defendant presented to the plaintiff an assignment of the Russian note and mortgage, and induced

* The suit was referred to Michael J. Murray, Esquire, as master. Exceptions of the defendant to the master's report were heard and overruled by *Crosby,* J., by whose order a final decree was entered as described in the opinion. The defendant appealed.

him to sign it by a false representation that it was a release of the demands which the plaintiff had against him by reason of his previous detention of the Russian mortgage note. Thereafter the defendant refused to make any further advances to the plaintiff, and this bill in equity was brought at a date which is not shown in the record. All that appears in that connection is that the substitute bill of complaint was filed on February 6, 1912. While this suit was pending, the plaintiff's real estate was sold for the unpaid taxes of 1911, and the defendant undertook to foreclose the $900 mortgage without notice to the plaintiff. The property covered by that mortgage was sold at public auction. The master found "that the amount due on said mortgage at the time of said foreclosure was six hundred and seventy-five (675) dollars, which represents all moneys advanced thereunder by said defendant to said plaintiff."

On these facts a decree was entered declaring, first, that the Russian mortgage note and the assignment of the mortgage was obtained by the defendant through fraud practiced by him upon the plaintiff; second, that the alleged assignment of the Russian mortgage was null and void; third, ordering the defendant to deliver the Russian mortgage and note to the plaintiff forthwith and to execute, sign, seal and deliver to the plaintiff any and all papers necessary to effectually vest in the plaintiff title to them; and fourth, it was declared "that the mortgage and note for nine hundred (900) dollars set out in the plaintiff's bill of complaint was obtained from the plaintiff by fraud exercised by the defendant upon the plaintiff."

The defendant's contention is that the assignment to the plaintiff of the Russian mortgage and note and the making of the new mortgage for $900 was one and the same transaction, and that inasmuch as the master has found "that the amount due on said mortgage at the time of said foreclosure was six hundred and seventy-five (675) dollars," the plaintiff is not entitled to have the Russian mortgage and note assigned to him without paying that sum of money to the defendant. This contention is wholly without merit. At the time that the defendant, by a fraudulent misrepresentation as to the contents of the assignment executed by the plaintiff, obtained by fraud this assignment of the Russian note and mortgage, the defendant agreed to make further ad-

vances to the plaintiff in consideration of the then second mortgage for $500 being discharged and a new mortgage for $900 being made to him. But under the findings of the master the agreement of the defendant to make further advances was an agreement to make further advances under the new second mortgage for $900. Under the master's findings there was no agreement that the Russian mortgage should stand as security for the new advances.

The other objection to the decree is to the fourth clause, which declares that the mortgage and note for $900 was obtained from the plaintiff by fraud. This objection is well taken. For the purpose of giving the plaintiff relief it was within the power and the duty of the judge to make this finding of fact if the evidence warranted it. But no relief founded on this finding was given to the plaintiff by this decree, and the plaintiff has not appealed from it. Under those circumstances the judge had no power to make the finding.

The result is that the decree must be modified by striking out the fourth clause. So modified it is

*Affirmed with costs.*

*E. Greenhood,* for the defendant.

No counsel appeared for the plaintiff.