HOLYOKE REALTY CORPORATION *vs.* MT. HOLYOKE REALTY CORPORATION.

Hampden.   May 17, 1934. — May 26, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Easement,* Infringement.   *Way,* Private.

An easement, adjudged to exist by a decree in a suit in equity, and described as "an easement of way upon and over the stairway in the southerly side of the property of the" owner of the northerly of two adjoining blocks in a city "and the entrance therefrom through the partition wall to the third floor but not to the second floor of the property of" the owner of the southerly block, "to pass and repass from and to" a public way, "which easement is appurtenant to the said premises of" the owner of the southerly block, and which, the decree declared, should "continue only during the joint life of the two blocks now standing," was infringed by a change of construction of the northerly block which left it still standing but barred access by the stairway described to the third floor of the southerly block; and a decree enjoining such infringement was affirmed in a suit in equity by the owner of the southerly block against the owner of the northerly block.

BILL IN EQUITY, filed in the Superior Court on November 28, 1933, to enjoin the infringement of an easement of passage.

The suit was referred to a master. Material facts found by the master are stated in the opinion. The suit was heard by *Williams,* J., by whose order a final decree was entered granting to the plaintiff the relief sought. The defendant appealed.

*B. F. Evarts,* for the defendant.

*W. J. Millane,* for the plaintiff.

LUMMUS, J.   Each party owns a business block on the westerly side of High Street in Holyoke. The blocks adjoin each other, and the northerly one is owned by the defendant Mt. Holyoke Realty Corporation. Each party derives title from one William Hertzmark.

The final decree after rescript in the case of *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 284 Mass.

100, declared, in the ordering part of the decree, as follows: "4. The court doth declare that upon the severance of title by said William Hertzmark, there was created by implication, as appurtenant to the land of the defendant Holyoke Realty Corporation aforesaid, an easement of way upon and over the stairway in the southerly side of the property of the plaintiff [Mt. Holyoke Realty Corporation] and the entrance therefrom through the partition wall to the third floor but not to the second floor of the property of the defendant, Holyoke Realty Corporation, to pass and repass from and to High Street, which easement is appurtenant to the said premises of said defendant [Holyoke Realty Corporation]. 5. And the court doth further declare, that this easement will continue only during the joint life of the two blocks now standing upon the two parcels hereinbefore described."

The present bill is brought to prevent the owner of the servient tenement, Mt. Holyoke Realty Corporation, from reconstructing the interior of its block so as to change the location of the stairway and prevent access by the stairway to the third floor. The master finds that the reconstruction needed in order to modernize the block and make it a paying investment can be carried out without changing the location of the stairway in question, though at greater cost than would be involved in other plans which would so change the location of the stairway as to destroy the easement. The servient owner wishes to destroy the easement so that the many members and visitors of an organization of veterans, now occupying the third floor of the dominant tenement, can no longer use the stairway to the detriment of the rental value of the apartments in the servient tenement.

It is true, that by the terms of the governing decree the owner of the servient tenement could destroy the easement by destroying its building. But the building still stands. The building on the dominant estate likewise still exists; the addition, after the entry of the governing decree, of an outside stairway running to the second floor, did not change the identity of the building. The easement is to continue "during the joint life of the two blocks," not merely during

the life of the stairway. The final decree in the present case rightly restrained the destruction of the stairway and interference with its use.

*Decree affirmed with costs.*