MARIE M. OLSEN *vs.* CARL A. OLSEN.

Essex.   May 20, 1936. — May 29, 1936.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Res Judicata.   Probate Court*, Decree, Findings by judge.   *Judgment.*

A fact merely found and stated in a final judgment or decree thereby becomes an adjudication only if shown to have been the basis of the relief, of denial of relief, or of some other ultimate right established by the judgment or decree.

A recital, in a decree of a probate court upon a petition by a wife for separate maintenance, "It appearing to the court that said" respondent "has been cruel and abusive towards the petitioner," followed by a dismissal of the petition on the ground that the petitioner was "not actually living apart from the respondent within the meaning of G. L. (Ter. Ed.) c. 209, § 32," was not an adjudication establishing the cruel and abusive treatment as matter of law at the hearing of a second petition later filed by the wife after she had separated from her husband.

PETITION for separate support, filed in the Probate Court for the county of Essex on July 3, 1935.

The petition was heard by *Dow*, J., by whose order a decree was entered in favor of the petitioner.   The respondent appealed.

*W. H. McSweeney*, for the respondent.

*E. C. Jacobs & E. J. Coughlin*, for the petitioner, submitted a brief.

LUMMUS, J.   On April 29, 1935, upon a petition for separate support between the parties, a decree was entered in these terms: "It appearing to the court that said Carl A. Olsen has been cruel and abusive towards the petitioner but that said petitioner is not actually living apart from the respondent within the meaning of G. L. (Ter. Ed.) c. 209, § 32, it is decreed that said petition be dismissed."   It does not appear whether the form of the petition restricted the inquiry so that relief could not be given unless the petitioner proved that she was "actually living apart from her husband."   See *Bucknam* v. *Bucknam*, 176 Mass.

229; *McIlroy* v. *McIlroy*, 208 Mass. 458, 464; *Marshall* v. *Marshall*, 236 Mass. 248; *Farrell* v. *Farrell*, 262 Mass. 209. At any rate, no appeal was taken by either party from that decree.

Subsequently the petitioner left the house in which the respondent was living, and took up her abode elsewhere. Never having condoned the cruel and abusive treatment upon which was based the petition already mentioned, she filed a new petition for separate support, based on that treatment. At the hearing, no evidence of cruel and abusive treatment was offered, except the decree of April 29, 1935. This the judge admitted. Upon it he found the respondent guilty of cruel and abusive treatment, and entered a decree against him. The respondent appealed.

Ordinarily only a final judgment or decree, as distinguished from a mere finding, amounts to an adjudication or becomes evidence of a fact in another case. *Boston Food Products Co.* v. *Wilson & Co.* 245 Mass. 550, 558. *New York Central & Hudson River Railroad* v. *T. Stuart & Son Co.* 260 Mass. 242, 248. *Guild* v. *Cohen,* 269 Mass. 241. *Hart* v. *Brierley,* 189 Mass. 598, 604. *Shapiro* v. *McCarthy,* 279 Mass. 425, 433. *Bannon* v. *Bannon,* 270 N. Y. 484. This rule has been relaxed to give effect to a verdict upon which judgment will follow in due course. *Downer* v. *Cripps,* 170 Mass. 345, 347. *Shapiro* v. *McCarthy,* 279 Mass. 425, 433–435. In equity cases declarations of fact or of right are sometimes inserted in the ordering or adjudicating part of a decree and thus become directly adjudicated. Such declarations are generally if not always confined to the facts or rights upon which the ultimate result rests, and their purpose is to leave no doubt as to the basis of that result. *Pingree* v. *Coffin,* 12 Gray, 288, 311, 312. *Baylies* v. *Payson,* 5 Allen, 473, 489. *Braman* v. *Foss,* 204 Mass. 404, 409. *Fairfield* v. *Lowry,* 207 Mass. 352, 357, 359. *Murray* v. *Murray,* 227 Mass. 345, 346, 347, 349. *Stuart* v. *Roche,* 264 Mass. 63, 64. *Davidson* v. *Zieman,* 283 Mass. 492, 496. *Holyoke Realty Corp.* v. *Mt. Holyoke Realty Corp.* 286 Mass. 522. There was no such declaration in the decree of April 29, 1935. The words "It appearing to the court"

are the traditional words of finding, not of adjudication. We have only a finding of cruel and abusive treatment, followed by a denial on other grounds of the relief which ordinarily would follow that finding.

A fact merely found becomes adjudicated by a final judgment or decree only when it is shown to have been the basis of the relief, denial of relief or other ultimate right established by the judgment or decree. *Knowlton* v. *Swampscott*, 280 Mass. 69. *Martin* v. *Smith*, 286 Mass. 227, 234. *Pogrotzky* v. *Levatinsky*, 218 Mass. 116, 119. *Eastman* v. *Symonds*, 108 Mass. 567, 569. *Foster* v. *The Richard Busteed*, 100 Mass. 409, 411, 412. *Foye* v. *Patch*, 132 Mass. 105, 111. "A verdict and judgment are conclusive by way of estoppel only as to those facts which were necessarily involved in them, without the existence and proof or admission of which such a verdict and judgment could not have been rendered. . . . The estoppel is not confined to the judgment, but extends to all facts involved in it as necessary steps or the groundwork upon which it must have been founded. It is allowable to reason back from a judgment to the basis on which it stands, 'upon the obvious principle that, where a conclusion is indisputable and could have been drawn only from certain premises, the premises are equally indisputable with the conclusion.' But such an inference must be inevitable, or it cannot be drawn." *Burlen* v. *Shannon*, 99 Mass. 200, 202, 203. In *Hawks* v. *Truesdell*, 99 Mass. 557, 558, special findings of fact made by a jury were held to have no standing at another trial "unless they are . . . essential to or shown to be involved in the verdict and judgment." See also *Welsh* v. *Milton Water Co.* 200 Mass. 409.

The finding that the respondent was guilty of cruel and abusive treatment cannot be considered the foundation of the decree of April 29, 1935, dismissing the earlier petition. The ground of dismissal was the failure of the petitioner to show that she was "actually living apart from her husband." Upon that ground the petition would have been dismissed regardless of any finding or absence of finding as to cruel and abusive treatment. Even though the find-

ing of cruel and abusive treatment were erroneous upon the evidence, the respondent had no occasion, if indeed he had any right, to appeal from a decree which in its result was wholly in his favor, merely because there was contained in it a dictum of fact, barren of result, which might have led to a decree against him if he had possessed no such defence as that upon which he actually prevailed. He was entitled to try the question of cruel and abusive treatment anew upon the second petition, and the earlier finding was not admissible against him. *Silberstein* v. *Silberstein*, 218 N. Y. 525.

*Decree reversed.*