Mary Schuka, administratrix, *vs.* Fortunatus J. Bagocius.

Suffolk.   December 2, 1935. — June 30, 1936.

Present: Rugg, C.J., Crosby, Pierce, Donahue, & Qua, JJ.

*Res Judicata.   Probate Court,* Decree.   *Executor and Administrator,* Determination of claims.

In a proceeding in equity in a probate court brought by an administrator for discharge of a mortgage given by his intestate to the respondent, in which the respondent filed merely an answer averring that the mortgage was given as security for an indebtedness of the estate to him but did not set up a counterclaim or bring a cross bill, a decree,

reciting a finding that the estate was indebted to the respondent but that the indebtedness was not secured by the mortgage and ordering the discharge of the mortgage, did not establish an indebtedness; and, the creditor having brought no proceedings against the estate within the time limited by the short statute of limitations, his claim was barred.

PETITION, filed in the Probate Court for the county of Suffolk on January 30, 1935, for the allowance of the first and final account of the administratrix of the estate of Mary Bohack, late of Boston, deceased.

A motion of the administratrix to strike out the appearance of the respondent as an alleged creditor of the estate was allowed by *Dillon,* J. The respondent appealed.

*F. J. Bagocius, pro se,* submitted a brief.

*E. M. Shanley,* for the petitioner.

RUGG, C.J. This is an appeal from an order granting a motion to strike out the appearance of the respondent as a creditor of the estate of Mary Bohack, deceased, intestate, of which the petitioner is administratrix. That appearance was filed in the matter of the allowance of the first and final account of the administratrix. The ground of the motion was that the respondent had not presented any claim within the statutory period provided by law for making claims against the estates of deceased persons, and had not recovered any judgment thereon against the intestate within the statutory period of limitations. The trial judge reported the material facts to be in substance as follows: The petitioner was appointed administratrix of the estate of the deceased on February 16, 1933, and on April 28, 1933, duly filed affidavit that she had given notice of her appointment. In May, 1933, the administratrix filed in the Probate Court a proceeding in equity for the discharge of a mortgage given by the intestate to the respondent. The respondent filed an answer alleging that the mortgage was given as security for a note on which there was a balance due. No counterclaim of other indebtedness was set up in the answer. No cross bill was filed. On October 2, 1933, a decree was entered wherein were a number of findings of fact, among them that the estate of the intestate owed the respondent $1,800 as a bal-

ance for money lent, but that this indebtedness was not secured by the mortgage. The decree contained no order for the payment of the indebtedness. It concluded in these words: "after hearing and consideration, the court doth order and decree that" the respondent "discharge said mortgage of record and deliver up the mortgage note and mortgage to the petitioner on or before October 16, 1933." From this decree no appeal appears to have been taken. The main issue raised by the petition in that proceeding in equity was whether there was anything due to the respondent on the mortgage and whether it ought to be discharged. The fact essential to the ordering part of the decree was that no indebtedness was secured by the mortgage. Another finding on that point was that at the time the mortgage was given "said Bagocius and said Mary Bohack and her husband entered into a written agreement reciting that said Bagocius held said mortgage as trustee for said Mary Bohack or her assigns, and agreeing to assign said mortgage to whomsoever the said Mary Bohack should designate or, at her request, discharge the same at once; the said Bagocius has been called on by the petitioner to discharge said mortgage but has failed so to do." The respondent has obtained no judgment against the estate of the intestate. No action is pending in any tribunal for the recovery of the debt alleged to be due to the respondent. No proceedings were instituted at any time by the respondent to recover his alleged debt within the time fixed by the statute of limitations. The trial judge ruled that "only declarations of fact or right contained in the ordering part of the decree are directly adjudicated," that the finding of fact in the decree that the estate of the intestate was indebted to the respondent was not an essential basis of the relief contained in the ordering part of the decree, and that the decree left the alleged creditor in the same position as any other creditor of the intestate with the right, not barred by the decree, to pursue his remedy to collect the alleged debt in the manner and within the time prescribed by law. *Olsen* v. *Olsen, ante,* 507.

The proceeding in equity was concerned exclusively with

the removal of the mortgage as a cloud on the title of the real estate of the intestate. It was within the jurisdiction of the Probate Court. G. L. (Ter. Ed.) c. 215, § 6. It did not relate to the ascertainment of the indebtedness due from the estate of the intestate to the respondent. It was not brought under G. L. (Ter. Ed.) c. 197, § 2. Cases like *French* v. *Bray*, 263 Mass. 121, have no relevancy. Although not usual in this Commonwealth, an extended recital of findings of fact is sometimes included in the decree. *Smith* v. *Smith*, 222 Mass. 102, 103. But findings touching issues not raised by the pleadings and not conducing to the relief granted are not binding. *Pogrotzky* v. *Levatinsky*, 218 Mass. 116, 119. It is not necessary to inquire whether under the rules of the Probate Court then in force (see now Rule 28 of the Probate Courts [1934]) the respondent could have set up a counterclaim or filed a cross bill in the proceeding in equity. He filed no such pleading. His sole defence was that the petitioner was not entitled to relief because the mortgage was given as security for the indebtedness. On that point the finding of the court was adverse to his contentions. In that proceeding in equity the Probate Court was without jurisdiction to establish an indebtedness from the estate to the respondent. It did not undertake that course. In these circumstances his only remedy for his alleged indebtedness was to bring an action at law against the estate of the intestate. That he has not done. In general a probate court has no power at the suit of an alleged creditor to adjudicate concerning such a claim against an estate in process of settlement. *Old Colony Trust Co.* v. *Segal*, 280 Mass. 212. Other courses open to the administratrix were not available to a creditor. G. L. (Ter. Ed.) c. 204, §§ 13, 14; c. 197, § 2.

*Allowance of motion affirmed.*