MARGARET D. CURLEY, executrix, *vs.* WILLIAM T. CURLEY.

Middlesex.    December 1, 1941. — February 25, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, & COX, JJ.

*Res Judicata.    Probate Court,* Decree.

Recitals of fact in a decree in a proceeding in equity in a Probate Court outside of its ordering part constitute an adjudication on the merits of the subject matter of such recitals and are binding upon the parties if they relate to issues raised by the pleadings and lead to the disposition of the proceeding.

The petitioner in an equity proceeding brought by an executor in a Probate Court seeking an accounting as to a partnership between the testator and the respondent, the establishment of an amount due the petitioner, and its payment, was bound by recitals in a final decree entered after hearing and consideration, which preceded an order dismissing the petition and set out that the respondent had paid the petitioner a stated amount "in full settlement of all the right, title and interest which said estate had in said partnership" and that "all parties have agreed thereto"; and the executor could not thereafter maintain an action to recover a part of such amount alleged not to have been paid.

CONTRACT. Writ in the Superior Court dated September 6, 1940.

In the first count of the declaration, the basis of the petition in equity described in the opinion was fully set out, and it was further alleged that, after the institution of those proceedings "the defendant agreed to pay, and the plaintiff as executrix agreed to accept, the sum of . . . $42,250 in full settlement of said equity proceedings, together with the transfer and conveyance by the plaintiff to the defendant of all the right, title and interest which said estate of Leo P. Curley had in said partnership business, including all right, title and interest which said estate, the plaintiff, as widow of said testator, and certain heirs had in certain real estate belonging to said partnership business; that thereafter . . . the plaintiff executed certain instruments of transfer and conveyance, releases and other documents, and received therefor from the defendant the sum of . . . $40,606.74, leaving a balance of . . . $1,643.26 due to the plaintiff; wherefore the plaintiff says that the defendant owes her the sum of . . . $1,643.26 with interest thereon according to the account . . . annexed marked 'A.' " The items of the account annexed were as follows:

1. June 27, 1937, agreed purchase price of one-half undivided interest of estate of Leo P. Curley in the partnership business carried on under the name of Curley Brothers, in Wakefield, Mass., including all right, title and interest in certain parcels of real estate belonging to said partnership and also releases from said estate and the heirs referred to in the will of said Leo P. Curley . . . . . . . $42,250.00

2. Received in payment on account as follows:
   (a) By check of said William T. Curley on June 21, 1927, [*sic*] in the sum of . . . . . . $9,606.74
   (b) By mortgage note of said William T. Curley, dated June 21, 1937, payable to Margaret D. Curley, Executrix of the will of Leo P. Curley, in the sum of . . . 31,000.00

3. Total of Item 2 (a) and (b) . . . . . . 40,606.74

4. Balance due on account of agreed purchase price . $1,643.26

5. Interest on said balance from June 21, 1937,

The second count of the declaration, for money had and received, was stated to be "according to the [same] account annexed."

The case was tried before *Goldberg*, J., and there was a verdict for the plaintiff in the sum of $2,006.06.

*F. A. Thayer*, for the defendant, submitted a brief.

*J. B. Abrams*, (*M. Palais* with him,) for the plaintiff.

DOLAN, J.   This is an action of contract in which the plaintiff as she is executrix of the will of Leo P. Curley seeks to recover the sum of $1,643.26 from the defendant, alleged to be due from him in settlement of the interest of the testator in a partnership existing between the defendant and him at the time of the latter's death, as set forth in an account stated, upon which the first count of the declaration is based. The second count of the declaration is for money had and received in the same amount. The writ is dated September 6, 1940. The case was tried to a jury and at the close of the evidence the defendant's motion for a directed verdict was denied subject to his exception. Certain of the defendant's requests for instructions to the jury were refused by the judge, subject to the defendant's exceptions. The jury returned a verdict for the plaintiff in the amount above set forth with interest.

The evidence most favorable to the plaintiff would have warranted the jury in finding the following facts. For many years the testator and the defendant, his brother, conducted a coal business as equal partners under the name of Curley Brothers. Upon the death of the testator in 1935, the plaintiff was duly appointed and qualified as executrix of his will. A controversy having arisen between the plaintiff and the defendant in connection with the settlement of the partnership account, the plaintiff filed a petition in the Probate Court for Middlesex County on November 4, 1936, for an accounting by the defendant and determination of the interest of the testator in the partnership. Pending that proceeding negotiations were had between the parties and their counsel looking toward a settlement. As a result the parties agreed upon a settlement under which the defendant promised to pay to the plaintiff $42,250 in satisfaction

of all claims against the defendant. The defendant paid the plaintiff $9,606.74 by check dated June 21, 1937, and gave her a note for $31,000, payable $3,000 annually with interest at the rate of three per cent per annum.

There was evidence that the balance of $1,643.26 here sought to be recovered remained unpaid, but subject to be paid by the defendant to the plaintiff, if the former failed to submit evidence to the latter to show that the testator had collected that sum for the partnership and had not accounted for it. The defendant testified that he had not paid this balance to the plaintiff, and that it was in fact collected by the testator for the partnership and had not been paid in by him. The evidence, however, would warrant the jury in finding that this had not been established by the defendant.

On the date of the settlement (June 21, 1937) the plaintiff executed a release whereby, in consideration of one dollar and other valuable consideration, she released the defendant "of . . . all . . . demands . . . and liabilities whatsoever . . . against . . . [him] . . ." with an exception not here material. There was evidence that in connection with the settlement the plaintiff agreed to dismiss the pending probate proceeding against the defendant to which we have already referred. On July 1, 1937, a decree was entered in the Probate Court dismissing the probate petition, "Upon the agreement of the parties." Upon the same day a petition to revoke this decree on the ground of mistake was filed by the petitioner (the plaintiff in this case). The mistake alleged was that the parties "intended to introduce evidence in order that the court might make a finding of fact relative to the amount which the respondent . . . was required to pay to the . . . petitioner as executrix; that the said respondent did pay to the petitioner the sum of . . . $42,250 in settlement of the claim as set forth in the petition in equity, which sum does not appear in the decree [dismissing the petition] entered by this court." The prayer of the petition to revoke was in substance that the former decree dismissing the petition be revoked and that the parties be permitted to introduce evidence as to the sum

paid to the petitioner as aforesaid, and "that the court enter its final decree in accordance with said evidence." This petition was allowed by the judge of probate on October 21, 1937.

The main petition in the Probate Court thereafter came on for hearing and on October 25, 1937, a final decree was entered dissolving a temporary injunction and dismissing the petition. The decree contains the following recitals: "It appearing that said respondent, William T. Curley, has paid to said petitioner, as such executrix, the sum of forty-two thousand two hundred fifty dollars, in full settlement of all the right, title and interest which said estate had in said partnership: And it further appearing that all parties have agreed thereto." These recitals are followed by an order and decree of dismissal, which is recited to have been made after hearing and consideration. Two days after the entry of this decree the plaintiff filed her first and final account as executrix of the will of the testator in the Probate Court. It purported to be for the period beginning February 3, 1936, and ending October 3, 1937. It sets forth in schedule A the receipt of $42,250 in compromise settlement of the partnership interest of the testator. It does not appear that this account has been allowed, the form of decree provided in such case being reproduced in the record in blank.

The defendant contends that the denial of his motion for a directed verdict and the refusal of the judge to instruct the jury in accordance with his first, third, tenth and sixteenth requests were erroneous. The tenth request was as follows: "10. That the decree of October 25, 1937, of the Probate Court of Middlesex County on the petition in equity of this plaintiff against this defendant is a bar to any recovery by the plaintiff in this action." The sixteenth request was to the same effect as the tenth.

In support of his contentions the defendant argues that the decree entered in the Probate Court constituted a final adjudication of the amount due from the defendant to the plaintiff for the interest of the estate of the testator in the partnership involved, that it established that the amount

so found to be due had been paid, that this decree cannot be attacked collaterally, and that it is a bar to the maintenance of the present action.

We are of opinion that this argument is sound and that the denial of the defendant's motion for a directed verdict in his favor was erroneous.

It is true that res judicata is not a defence unless a decree or judgment has been rendered on the merits; and it is also true that a suit once finally determined between the parties by any competent tribunal cannot afterwards be litigated by new proceedings before the same or any other tribunal. It is settled, however, that no such effect can be attributed to a decree dismissing a bill or petition in equity, for want of jurisdiction or any other cause not involving the essential merits of the controversy, *Farnum* v. *Brady*, 269 Mass. 53, 55; *Levinton* v. *Poorvu*, 293 Mass. 338, 345, 346, and that a decree merely dismissing a suit in equity by agreement of the parties is not an adjudication on the merits. *Cutter* v. *Arlington Casket Co.* 255 Mass. 52, 62. *New York Central & Hudson River Railroad* v. *T. Stuart & Son Co.* 260 Mass. 242, 248. *Guild* v. *Cohen*, 269 Mass. 241. *Wight* v. *Wight*, 272 Mass. 154. See *Lee* v. *Lee*, 77 Ala. 412, 419. We do not, however, acquiesce in the contention of the plaintiff that the final decree entered by the judge in the probate proceedings was a consent decree. On the contrary, we think that it was decisive of the plaintiff's claim against the defendant and that, since its subject matter was within the jurisdiction of the Probate Court, the decree cannot be attacked in this action which involves the same subject matter. *Wilbur* v. *Hallett*, 305 Mass. 554, 558, and cases cited.

The petition in the Probate Court for determination of the plaintiff's claim sought not merely an accounting, but also complete relief by establishing the amount due the "petitioner" and by payment thereof to her by the "respondent." The several actions taken thereon by the judge constituted parts of the whole. They all related to the main proceeding. The original decree dismissing the petition upon agreement of parties was manifestly a consent

decree. But, as before stated, that decree was revoked at the instance of the "petitioner" so that the judge might take evidence, establish the amount due from the "respondent" in settlement of the partnership claim of the "testator" as $42,250, and adjudicate that that sum had in fact been paid by the "respondent" to the "petitioner." In consequence, the petition for the accounting came on for further hearing on the merits, and the final decree was entered in the terms hereinbefore set forth.

The decisive question is whether the recitals in the decree outside of its ordering part constitute an adjudication of the merits of the subject matter of the petition. We are of opinion that they do. In *Schuka* v. *Bagocius*, 294 Mass. 597, at page 600, the court said: "Although not usual in this Commonwealth, an extended recital of findings of fact is sometimes included in the decree . . . But findings touching issues not raised by the pleadings and not conducing to relief granted are not binding." The plain implication from this principle is that findings of fact included in a decree in equity that do touch issues raised by the pleadings and do lead to the disposition of the suit are binding upon the parties. See *Olsen* v. *Olsen*, 294 Mass. 507, 509, and cases cited.

In the instant case it is manifest that the findings in the probate proceeding that $42,250 was due from the "respondent" to the "petitioner" and that it had been paid by him to her went to the heart of that proceeding. That these findings might be interpreted to have been made upon statements of the parties or their counsel agreeing thereto did not render the decree in question a mere consent decree. They were made under the circumstances before described in which their specific adjudication was sought. The amount due from the "respondent" and its payment by him to the "petitioner" having been established, the aim of the petition had been accomplished. The litigation was at an end and the actual order for dismissal followed as matter of law. Thus the claim of the "petitioner" against the "respondent" for accounting and payment of the amount due for the interest of the testator in the part-

nership became res adjudicata, and a bar to the present action.

It follows that the defendant's motion for a directed verdict in his favor should have been granted.

*Exceptions sustained.*
*Judgment for the defendant.*