GAIL MARTIN, guardian,[1] *vs.* ELIZABETH A. KENNEY, executrix.[2] No. 01-P-1825. October 28, 2003. *Probate Court, Jurisdiction. Jurisdiction,* Probate Court. *Minor,* Claim against parent. *Divorce and Separation,* Child support.

By complaint in December, 2000, Gail Martin, acting as guardian for her minor son, sought an order pursuant to G. L. c. 197, § 9, in Norfolk Superior Court, to require the estate of her son's father to pay child support and to maintain medical and hospitalization coverage for the child. The father had died in December, 1999, and probate of his estate was pending in the Norfolk County Probate and Family Court when the complaint was brought. Earlier in 1999, the father had been ordered by a judge of the Suffolk County Probate and Family Court to pay Martin $285 per week for support of their child and to maintain medical insurance for him. The 1999 child support order provided that the father's support obligation was to become a claim against, and continuing obligation of, the decedent's estate. The executrix, however, failed to pay the estate's child support obligations after the father's death. After filing her complaint in Superior Court, Martin filed a notice of claim against the estate in Norfolk Probate and Family Court, in which she referenced the proceeding pending in Norfolk Superior Court.

The executrix moved to dismiss Martin's Superior Court complaint pursuant to Mass.R.Civ.P. 12(b)(9), 365 Mass. 754 (1974), or, in the alternative, to transfer the action to the Suffolk Probate and Family Court, which had issued the original support order. In support of her motion to transfer, the executrix cited G. L. c. 209, § 37, which provides that actions for child support orders and modifications thereof be brought in the Probate Court for the county in which the minor resides. A judge of the Superior Court allowed the estate's motion in August, 2001, and entered a judgment of dismissal, noting, "The prior action in Suffolk Probate affords the [plaintiff] the proper forum for asserting this claim. [Defendant's] counsel states in open court that he will not oppose a motion to substitute the executrix as the proper [defendant]. I find nothing in [G. L.] c. 197, § 9, which requires a claim such as this to be brought in the Superior Court for the [plaintiff] to recover against the estate."

[1] Of Justin P. Kenney, a minor.
[2] Of the estate of Robert B. Kenney, Jr.

We agree. Pursuant to G. L. c. 209C, § 20, as construed in *L.W.K.* v. *E.R.C.*, 432 Mass. 438, 450-451 (2000), a Probate Court with original jurisdiction has continuing jurisdiction to modify judgments of support. This jurisdiction continues after the death of the obligor. *Ibid.* Martin claims that G. L. c. 197, § 9, which concerns collection and securing of payments from the estates of deceased persons, as opposed to orders for child support, requires her to file a new claim in Superior Court in order to collect support payments owed by the estate. We see no reason why an order to collect unpaid child support payments must issue from the Superior Court, under the estate claims procedure outlined in G. L. c. 197, § 9, rather than from the Probate and Family Court having jurisdiction of the support order under which payment is sought. See G. L. c. 209, § 37. Such a requirement could result in unnecessary and duplicative litigation. Martin has failed to cite any authorities, statutes or portions of the record that persuade us otherwise. The only case cited on the point, *Schuka* v. *Bagocius*, 294 Mass. 597, 600 (1936), involved the adjudication of indebtedness under a mortgage, which is not analogous to the particular domestic relations statutes and policies controlling this case. See G. L. c. 209, § 37; G. L. c. 209C, § 20.

*Judgment affirmed.*

*Brendan J. Shea* for the plaintiff.
*Paul S. Hughes* for the defendant.