JAMES BOYLE vs. JOHN B. GOULD & another.

Middlesex.    March 25, 1895. — June 21, 1895.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Jurisdiction of Inferior Court to enforce Mechanic's Lien.*

A proceeding to enforce a mechanic's lien in an inferior court must be brought in that court within whose judicial district the land lies.

LATHROP, J.   This is a petition to enforce a lien, under the Pub. Sts. c. 191, for labor performed on a house situated in Newton, in the county of Middlesex.   The petition is to the Second District Court of Eastern Middlesex, whose judicial district comprises Waltham, Watertown, and Weston.   Pub. Sts. c. 154, § 2.   The city of Newton is "a judicial district under the jurisdiction of the police court thereof." . Pub. Sts. c. 154, § 1.   The petitioner is described in the petition as of Waltham.   In the Superior Court the petition was dismissed, on the ground that the land was without the jurisdiction of the Second District Court of Eastern Middlesex; and this is the only question which is before us on the petitioner's appeal.

A petition under the Pub. Sts. c. 191, is essentially a proceeding *in rem ;* and the only decree which the court can make, if the lien is established, is a sale of the property and the distribution of the proceeds.   §§ 24 *et seq.*   By § 10, if the petition is brought in the Superior Court, it must be "in the county where the building or structure is situated," thus treating it as in the nature of a local action.

Section 11 is as follows: " When the amount of the claim does not exceed three hundred dollars, the lien may be enforced by petition to a police, district, or municipal court, or trial justice ; and such courts and justices shall have like power and authority within their jurisdiction as are conferred by this chapter upon the Superior Court, and the parties shall have like rights of appeal as exist in other civil cases."   It seems to us very clear, that the words "within their jurisdiction" are not to be interpreted solely with reference to the amount claimed, but that they mean that each court, be it police, district, or mu-

nicipal, shall, if the land is within its judicial district, enforce a lien to the amount stated.

The question remains as to the effect of the St. of 1893, c. 396, entitled, " An Act revising and consolidating the laws relating to district and police courts." This act does not in terms repeal any part of the Pub. Sts. c. 191. Section 68 provides: " The provisions of this act so far as they are the same as those of existing laws shall be construed as a continuation of such laws and not as new enactments, and references in laws to provisions of law which are re-enacted herein shall be construed as applying to such provisions so incorporated in this act."

The only direct reference to the Pub. Sts. c. 191, is in § 12, which gives to district and police courts original and concurrent jurisdiction with the Superior Court of actions to enforce liens under the Pub. Sts. c. 191, where the amount of the claim does not exceed one thousand dollars. The only effect of this is to change the jurisdiction given by the Pub. Sts. c. 191, § 11, to police and district courts, from three hundred dollars to one thousand dollars.

Section 13 of the St. of 1893, c. 396, begins as follows: " Civil actions brought in said courts shall be brought in the court in whose district some one of the parties lives or has his usual place of business." It is hence argued that the petition in this case was rightly brought. But we are of opinion that the words " civil actions " refer to transitory and personal actions, and not to local or statutory actions, such as the one before us. The principal object of the act was to revise and amend the Pub. Sts. cc. 154, 155, the first relating to police, district, and municipal courts, and the second to trial justices, so far as they applied to district or police courts. None of the provisions of the chapters last cited have any reference to proceedings to enforce liens. This jurisdiction was, as we have seen, specially conferred by the Pub. Sts. c. 191, § 11, upon inferior courts, when the amount in issue was three hundred dollars. The St. of 1893 in no way affects § 11, except by increasing the amount to one thousand dollars.

There is of course no reason why a proceeding to enforce a mechanic's lien, which must be brought in the county where the land lies, if the proceeding is in the Superior Court, may be

brought out of the county, if the proceeding is in an inferior court. Yet, if the petitioner's view is correct, the proceeding in the latter case may be brought in Berkshire County, if the petitioner lives there, while the land is in Essex County. We do not think that the Legislature intended this, or that apt words to express such an intent have been used.

Taking the statutes together, we are of opinion that a proceeding to enforce a mechanic's lien in an inferior court must be brought in that court within whose judicial district the land lies. The petition was, therefore, rightly dismissed for want of jurisdiction. *Petition dismissed.*

*C. F. French,* for the petitioner.

*L. C. Weed,* for the respondents.