### ARGUED AND DETERMINED

##### IN THE

# SUPREME JUDICIAL COURT

##### OF

# MASSACHUSETTS.

---

BENJAMIN J. GRAHAM & another *vs.* CHARLES J. LORD
& others.

Suffolk.   November 9, 1897. — November 24, 1897.

Present: KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Mechanic's Lien — " Civil Action " — Jury Trial.*

A proceeding to enforce a mechanic's lien is a "civil action," within the meaning of Pub. Sts. c. 167, § 69, requiring notice that a party desires a trial by jury to be filed within a certain time; and it is immaterial that one of several respondents, who did not appear seasonably, was permitted to file an answer on the day of the trial, if his answer raised no different questions from the others, and no special rights were claimed as against him.

PETITION, under Pub. Sts., c. 191, to enforce a mechanic's lien, against Charles J. Lord, Hannah E. Young, and Hattie C. Hamburgher.  Trial in the Superior Court, without a jury, before *Hardy*, J., who found for the respondents; and the petitioners alleged exceptions to the overruling of a motion that issues be framed for a jury.  The facts material to the point decided appear in the opinion.

*W. N. Osgood*, for the petitioners.

*A. Lord*, (*C. Hunneman* with him,) for Hannah E. Young and Hattie C. Hamburgher.

KNOWLTON, J.  On the offer of proof made by the petitioners' counsel in opening the case, supplemented by the testimony of one of the petitioners, the presiding justice ruled that the petition could not be maintained, and no exception was taken to this ruling.  It is difficult to see how the petitioners could be harmed by the refusal of the judge to frame issues for a jury, inasmuch as there was no dispute of fact between the parties, and no issue of fact was involved in the decision of the case.

But if we assume in favor of the petitioners that on the averments of the petition, and denials and averments of the answers, the petitioners were entitled to a trial by jury under Pub. Sts. c. 191, § 21, if they seasonably claimed it, we discover no error in the ruling refusing to frame issues under their motion.  The petition was filed on July 2, 1896.  The answer of the respondent Lord was filed on August 26, 1896.  The answer of the respondent Young was filed by consent on November 9, 1896. Each of these answers raised issues of fact.  Neither the petitioners nor the respondents gave notice of a desire for a trial by jury, and the case was on the list of cases for trial by a judge without a jury, where it was reached in its order and called for trial on January 12, 1897.  Then for the first time the petitioners moved for a trial by jury.

Section 21 of Pub. Sts. c. 191, gives the parties in proceedings to establish a mechanic's lien the same right to a trial by jury that parties have in civil actions at common law.  The section has been in force many years.  It is found in the Gen. Sts. c. 150, § 18.  Prior to the enactment of St. 1874, c. 248, § 1, an action of this kind would have been placed on the list of cases for trial by a jury.  But by that statute, which appears in Pub. Sts. c. 167, § 69, it was provided that " A separate list of cases to be tried by a jury shall be kept in the Supreme Judicial Court and Superior Court, and no civil action shall be entered thereon except in those cases for which a different provision is expressly made, unless some party, before the parties are at issue, or within such time thereafter as the court may by general or special order direct, files a notice that he desires a trial by jury.  Other civil actions shall be heard and determined by the court, and judgment entered as in case of verdict by a jury."  By Rule XXII. of the Superior Court the notice re-

quired by this statute must be filed not later than ten days after the filing of the answer or plea. A proceeding to enforce a mechanic's lien is a civil action within the meaning of the statute. "The petition may be inserted in a writ of original summons, and be served, returned, and entered as in other civil cases." Pub. Sts. c. 191, § 12. It is within the statute authorizing the appointment of auditors. Pub. Sts. c. 159, § 51. *Corbett* v. *Greenlaw*, 117 Mass. 167. *Holmes* v. *Turner's Falls Co.* 150 Mass. 535. The statute above quoted is therefore applicable to cases of this kind, as it is to civil actions at common law. *Vitrified Wheel & Emery Co.* v. *Edwards*, 135 Mass. 591. It follows that the petitioners waived their right to a trial by a jury by failing seasonably to give notice of a desire for such a trial. That one of the three respondents did not appear seasonably, and was permitted to file an answer on the day of the trial, is immaterial. Her answer raised no different questions from the others, and no special rights were claimed as against her.

*Exceptions overruled.*