C. Elizabeth Mulloney & others *vs.* George L. Barnes, administrator.

Suffolk.   December 4, 1928. — January 23, 1929.

Present: Rugg, C.J., Pierce, Carroll, Wait, & Sanderson, JJ.

*Probate Court,* Allowance for services, Findings by judge, Appeal.

Upon an appeal to this court from a decree of a probate court, a "Memorandum of Decision and Voluntary Report of Findings of Fact" filed by the judge is a part of the record; and, although a request for a report of the material facts is seasonably made by the appellant under G. L. c. 215, § 11, the judge is not required by that statute, upon a subsequent motion by the appellant, to strike out the findings already made by him and to make other findings.

Two petitions were filed in a probate court, each seeking the appointment of the petitioner therein as administrator of the estate of a deceased person.   The petitions were heard together, and, after all interested parties had waived any objection to the appointment of a disinterested person as administrator, a decree was entered on one of the petitions appointing such a person.   There was no appeal from the decree. The judge found that the case was contested.   No person prayed for costs and expenses previous to the entry of the decree.   Subsequent to its entry, one of the petitioners and his counsel filed a petition seeking the determination of the amount due them for services in connection with the administration of the estate.   Such petition was "denied and dismissed."   *Held,* that those petitioners were not entitled to compensation for such services under either § 39 or § 45 of G. L. c. 215; and that the action of the judge on their petition was proper.

Petition, filed in the Probate Court for the county of Suffolk on October 7, 1927, and described in the opinion.

· The petition was heard by *Prest,* J., and was "denied and dismissed."   The petitioners appealed.   Material facts found by the judge in a "Memorandum of Decision and Voluntary Report of Fact" made by him, and proceedings in connection with the appeal, are described in the opinion.

The case was submitted on briefs.

*J. P. Barlow & J. D. Mulloney,* for the petitioners.

*G. L. Barnes,* for the administrator, & *L. E. Green,* for A. L. Braley, conservator.

PIERCE, J.   This is an appeal from a decree of the Probate
Court, filed on May 3, 1928, whereby said court denied and
dismissed the petition of C. Elizabeth Mulloney, John D.
Mulloney and James P. Barlow for the determination of the
amount alleged to be due them for services rendered in con-
nection with the administration of the estate of William J.
Porter, deceased intestate.   The case further presents an
appeal from the refusal of the judge of probate, upon request,
"to report the material facts found by you in rendering your
decision, as provided for by G. L. c. 215, § 11"; and from his
denial of a motion for report of material facts.   The request
was filed May 7, 1928, within four days after the appellants
had notice of the decree of the Probate Court.   The motion
was filed May 18, 1928, and reads: "Now comes C. Eliza-
beth Mulloney, John D. Mulloney and James P. Barlow, the
petitioners in said matter, and move that the memorandum
of decision and voluntary report of findings of fact filed
by the court in said matter be stricken from the record and
that the court comply with their request, under G. L. c. 215,
§ 11, to report the material facts found by the court, by a
report which shall not contain any part of the record or re-
citals of law or finding of facts relating to any other matter."
Manifestly this motion, treating it as a request, was not filed
within four days after the appellants had notice of the decree
of May 3, 1928.   The denial of the request and motion on
May 23, 1928, was accompanied by a memorandum or reason
for the decision, which reads: "Having made and filed a
voluntary report of findings of material facts on May 3, 1928,
I decline to make other or further findings of facts."   The
judge, having made voluntary findings of facts, was not re-
quired by G. L. c. 215, § 11, to strike such findings from the
record and make other findings when requested on motion
to do so.   His finding of facts, although filed without re-
quest, is a part of the record and will not be set aside unless it
is clearly wrong.   *Cohen* v. *Nagle*, 190 Mass. 4.   *Tewksbury*
v. *Tewksbury*, 222 Mass. 595, 596.   *Corkery* v. *Dorsey*, 223
Mass. 97.

The facts material to the consideration of the appeal from
the denial and dismissal of the petition of C. Elizabeth Mul-

loney, John D. Mulloney and James P. Barlow for the determination of the amount due them for services rendered in connection with the administration of the estate of William J. Porter taken from the voluntary report of findings of fact, in substance, are that on April 13, 1927, a petition was filed by James H. Cahill and the Boston Safe Deposit and Trust Company for the appointment of them, or some other suitable person, as administrator of the estate of William J. Porter, who died intestate on March 24, 1927. This petition was assented to by all persons named in the petition as heirs at law and next of kin, except C. Elizabeth Mulloney and Annie Gillespie. A citation was duly issued and served on this petition, which was returnable April 28, 1927. On April 20, 1927, a petition for administration of the estate of said William J. Porter was filed by C. Elizabeth Mulloney. This petition made the same representations as to William J. Porter and his heirs at law and next of kin as are set forth in the petition of James H. Cahill. The petitioner alleged that she is one of the next of kin of said deceased. A citation was duly issued and served on this petition, which was returnable May 5, 1927. The petitions were heard together. All the interested parties by their respective counsel of record waived any objection to the appointment of a disinterested administrator by the court, and thereupon, on the petition filed by C. Elizabeth Mulloney, the court appointed George L. Barnes as a disinterested administrator. The decree, dated May 12, 1927, recites: " . . . and all persons interested have had due notice according to the order of the court; and persons objecting thereto, and after a hearing, it is decreed that George L. Barnes of Weymouth be appointed administrator of said estate, first giving bond with sufficient sureties for the due performance of said trust." "This final decree was not appealed from."

"At no time were costs and expenses asked or prayed for by any person prior to the final decree appointing said administrator." On October 7, 1927, C. Elizabeth Mulloney and her counsel, James P. Barlow and John D. Mulloney, filed a petition in the Probate Court praying that the court ascertain and determine the amount due them for services

in connection with the administration of the estate of said William J. Porter. At the hearing on this petition, the petitioners claimed $3,000 each for services, and a total of $10.50 for disbursements. On February 8, 1928, counsel in the matter of the petition of James H. Cahill and the Boston Safe Deposit and Trust Company filed a similar petition praying that the court ascertain the amount due them for services rendered the estate, and at the hearing thereon claimed $150 for services. Counsel for C. Elizabeth Mulloney filed the following requests for rulings: "1. Upon all the evidence the court has power to ascertain and determine the amount due for services rendered by the petitioners in connection with the administration of said estate. 2. Services rendered by any person in connection with the administration of the estate of a deceased person, under G. L. c. 215, § 39, includes services rendered in procuring the appointment of an administrator. 3. Upon all the evidence the services rendered by the petitioners were rendered in procuring the appointment of the administrator of said estate. 4. Upon all the evidence the matter of the appointment of George L. Barnes under the petition of C. Elizabeth Mulloney, as administrator of said estate, was not a contested case within the meaning of G. L. c. 215, § 45. 5. The court has power under G. L. c. 215, § 39, to ascertain and determine the amount due for services rendered by the petitioners in connection with the administration of said estate even though it finds it was a contested case."

Prior to St. 1884, c. 131, neither the judge of probate, nor the Supreme Court of Probate, in contested cases had power to allow costs taxed as between solicitor and client or to allow other expenses to be paid to either party as justice and equity might require. St. 1783, c. 46, § 4. St. 1817, c. 190, § 44. St. 1823, c. 24. Rev. Sts. c. 83, §§ 47, 48. Gen. Sts. c. 117, § 25. The costs allowed to be taxed under the above statutes were legal and taxable costs only. *Osgood* v. *Breed,* 12 Mass. 525, 536. *Swan* v. *Picquet,* 4 Pick. 465. *Brown* v. *Corey,* 134 Mass. 249. *Morrill* v. *Wiseman,* 134 Mass. 252, note. Under St. 1884, c. 131, and G. L. c. 215, § 45, a party to the contest, other than a fiduciary appointee of the Probate

Court, cannot be allowed costs and expenses after a final decree has passed in the cause to which they are a mere incident. *Lucas* v. *Morse,* 139 Mass. 59. *Ensign* v. *Faxon,* 224 Mass. 145; *S. C.* 229 Mass. 231, 234. It follows that the petitioners have no claim under G. L. c. 215, § 45.

The petitioners Mulloney, Barlow and Mulloney, who appealed from the decree of the Probate Court, however, contend that the Probate Court has power under G. L. c. 215, § 39, to ascertain and determine the amount due for services rendered by the petitioners in connection with the administration of said estate even though it finds (as it did upon evidence not reported) it was a contested case. G. L. c. 215, § 39 reads: "Probate courts may ascertain and determine the amount due any person for services as appraiser, for premiums of surety companies for acting as surety upon the official bonds of administrators, executors, trustees, guardians, conservators or receivers, or for services rendered by any person in connection with the administration of the estate of a deceased person, or with the administration of any trust, guardianship, conservatorship or receivership; and payment of said amount when ascertained and determined to be due may be enforced summarily by said court upon motion of the person to whom the amount is due in the same manner as a like payment under a decree in equity may be enforced, and execution may also be issued therefor against the executor, administrator, trustee, guardian, conservator or receiver personally as upon a judgment at law."

This statute, in contested cases, does not give an additional or alternative remedy for the recovery of costs and expenses incurred in connection with the administration of a probate estate, its manifest purpose being to confer power upon the Probate Court to determine the amount due any person for services rendered the estate in matters which are enumerated in the statute. Clearly these do not include services rendered and expenses incurred in opposition to the appointment of executors, administrators, trustees or other fiduciary appointee by the Probate Court. The probate appointee in such a contest is taken care of through the allowance of his account. All others, if their services and expenses have re-

sulted in benefit to the estate, are cared for by G. L. c. 215, § 45. Here, the services for which the petitioners seek compensation were not rendered in connection with the administration of the intestate estate; they were not at the request of the administrator subsequently appointed with their consent; and there is no evidence that such services as were rendered preserved the estate or added to its value. *Edwards* v. *Ela,* 5 Allen, 87.

What has been said renders it unnecessary to pass specifically upon any one of the requested rulings.

*Decree affirmed.*