ALBERT A. GINZBERG *vs.* HENRY A. WYMAN, administrator *de bonis non.*

Suffolk.   July 3, 1930. — September 11, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Limitations, Statute of. Probate Court*, Allowance for services. *Words,* "Action."

The provisions of G. L. c. 260, § 11, bar a petition, filed in a probate court under G. L. c. 215, § 39, for the enforcement of a debt, alleged to be due for services rendered and disbursements made by an attorney at law for the legal representative of the estate of a deceased person, if the debt was incurred more than a year before the petition was filed.

PETITION, filed in the Probate Court for the county of Suffolk on January 20, 1930, and described in the opinion.

The respondent moved that the petition be dismissed. The motion was heard by *Prest*, J., and was allowed. The petitioner appealed.

The case was submitted on briefs.

*A. A. Ginzberg, pro se.*

*H. A. Wyman & G. L. Vaughan,* for the respondent.

RUGG, C.J.    This is a petition filed in a probate court. Its allegations in substance are that the petitioner acted as attorney at law for the estate of William Bernstein from April 16, 1923, to October 10, 1923, and that a statement of the services and of certain small disbursements is annexed. The prayer is that the amount thereof be ordered paid to the petitioner out of the estate.    The statement of account annexed contains charges both before and after the dates specified in the petition, the last one being on April 14, 1926.    No payments are credited on the account.    This petition was filed on January 20, 1930, being three years and slightly more than nine months subsequent to the date of the last charge.    The petition is brought under G. L. c. 215, § 39.    Its pertinent provisions are these: "Probate courts may ascertain and determine the amount due any person . . . for services rendered by any person in connection with the administration of the estate of a deceased person . . . and payment of said amount when ascertained and determined to be due may be enforced summarily by said court . . . in the same manner as a like payment under a decree in equity . . . and execution may also be issued . . . as upon a judgment at law."    The administrator *de bonis non* with the will annexed of said estate moved that the petition be dismissed for the reason that on its face it was barred by the special statute of limitations in G. L. c. 260, § 11.    That section, so far as here material, is in these words: "An action founded on any contract made or act done, if made or done by any person acting as the executor, administrator or other legal representative of the estate of a deceased person, shall be brought within one year . . . after the right of action accrues . . . ." This motion was granted.    The petitioner appealed.

The petitioner rightly concedes that resort by him to an action at law or suit in equity against the executors or administrators of the estate of the decedent would be barred.    He contends that under said § 39 already quoted

the Probate Court has jurisdiction to order payment of his charges. That contention cannot be supported. The design of that section is to confer upon the probate courts jurisdiction to deal, in connection with their distinctly probate jurisdiction, with subjects in the nature of claims which before its enactment could be litigated as to primary liability only in courts of law or equity. It does not affect in any respect the statutes of limitations applicable to those claims. A change in the form of remedy afforded, without more, does not change the statute of limitations. The purpose of the General Court is to expedite the settlement of estates of deceased persons, G. L. c. 197, by enabling executors or administrators within a comparatively brief time to pay debts and legacies, to render their accounts and to discharge their fiduciary obligations. It would tend to frustrate that beneficent design if claims of the nature described in said § 39 were not within the bar of the special statutes of limitations, of which said § 11 is one, touching estates in process of settlement. The word "action" not infrequently is used in a comprehensive sense to mean the pursuit of a right in court without regard to the form of procedure. *Boston* v. *Turner*, 201 Mass. 190, 196. *Pigeon's Case*, 216 Mass. 51, 56. The word "action" was used in that sense in said § 11. There is nothing in the words or the history of said § 39 to indicate a contrary legislative purpose. It simply created a new form of procedure to enforce claims, leaving all such claims subject to every other pertinent provision of law including the statutes of limitations. *Farnum* v. *Brooks*, 9 Pick. 212. "Action" in § 11 has been held to include suits in equity. *Geldert* v. *Usher*, 248 Mass. 323, 325. In other connections it has been held that § 39 is not to be broadly extended. *Conley* v. *Fenelon*, 266 Mass. 340. *Mulloney* v. *Barnes*, 266 Mass. 50, 54.

It is manifest on the face of the petition that it was not brought within one year after the right of action accrued. Consequently it was barred by said § 11.

*Order allowing motion to dismiss petition affirmed.*