GARABED N. MOUSHEGIAN *vs.* WILLIAM T. SHEPPARD,
executor.

Middlesex.  March 10, 1932. — March 31, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Probate Court*, Jurisdiction, Decree. *Executor and Administrator. Attorney at Law. Supreme Judicial Court.*

A probate court has jurisdiction under G. L. c. 215, § 39, to allow a petition by an attorney at law against the executor of a will to have determined and ordered paid an amount due him for services rendered, at the request of the respondent previous to his appointment as executor when he learned that there was to be a contest of the will, such services being in preparation and conduct of the case in support of the will, in extended proceedings in the Probate, the Superior, and the Supreme Judicial courts and in procuring the appointment of the respondent as special administrator pending the determination of the litigation, which resulted in the proof of the will and the appointment of the respondent as executor: such services were "rendered . . . in connection with the administration of the estate" within the terms of the statute.

PETITION, filed in the Probate Court for the county of Middlesex on July 3, 1931, and described in the opinion.

In the Probate Court, the petition was heard by *Campbell*, J. Material facts found and rulings made by him are stated in the opinion. The petition was dismissed. The petitioner appealed.

*R. B. Walsh*, for the petitioner.

*M. J. Cohen*, (*F. F. O'Donnell* with him,) for the respondent.

SANDERSON, J. This is a petition filed in the Probate Court by an attorney at law under G. L. c. 215, § 39, for services alleged to have been rendered in connection with the administration of the estate of a deceased person. From a decree dismissing the petition the petitioner appealed.

The statute was first enacted in 1915 (St. 1915, c. 151, § 6). The part material to this case is in these words: "Probate courts may ascertain and determine the amount

due any person . . . for services rendered any person in connection with the administration of the estate of a deceased person . . . and payment of said amount when ascertained and determined to be due may be enforced summarily by said court upon motion of the person to whom the amount is due in the same manner as a like payment under a decree in equity may be enforced, and execution may also be issued therefor against the executor . . . personally as upon a judgment at law."

The judge of probate made a report of facts in the following terms: "William T. Sheppard was the person named executor in the last will of one Ellen M. Holden, who died in Billerica on October 14, 1929. On November 1, 1929, the said Sheppard learning that this will, in which he was named executor, was to be contested by certain legatees under a prior will, employed Mr. Moushegian to represent him as counsel in the expected litigation. Thereafter the petitioner rendered legal services to Sheppard. These services consisted of preparation of the case in support of the will, of argument before the Probate Court in opposition to the contestant's motion to frame jury issues, of argument before the Supreme Judicial Court upon appeal from the decision of the judge of probate disallowing such issues, of legal services in and out of court in connection with the appointment of Sheppard as special administrator of the estate of Ellen M. Holden pending the determination of the litigation, of trial before a jury in the Superior Court of the issue whether the testatrix was of sound mind at the time of the execution of said will; of argument before the judge of probate of a motion for counsel fees brought by the unsuccessful contestant of the will and of preparation in part of a brief upon appeal to the Supreme Judicial Court from the decision of the judge of probate denying said motion, all of which services are specified in detail in the petitioner's itemized statement annexed to the petition. I find as a fact that these services were rendered to the executor as set forth in that statement, that they were of benefit to the estate and that a fair and reasonable fee for such services is $2,700. I further find that the said will of

Ellen M. Holden in which Sheppard was named executor, was proved and allowed in the Probate Court for Middlesex County on January 12, 1931, and that upon that date the said William T. Sheppard was appointed executor under said will and duly qualified by giving bond. I further find so far as it is a question of fact that the services so rendered by the petitioner from November 1, 1929, to and including April 30, 1931, were rendered in connection with the estate of the said Ellen M. Holden. I also find that the petitioner has incurred travelling expenses as set forth in his itemized statement in the amount of $45, and that the same were expended by him in connection with the rendition of the services hereinbefore stated. I further find that the said William T. Sheppard has not, as special administrator or as executor or otherwise, included or asked to be allowed for any sum on account of the services of the petitioner herein referred to in any probate account filed by him. The petitioner does not claim he has any standing under G. L. c. 215, § 45, but claims under § 39 . . . wherein it reads — 'or for services rendered by any person in connection with the administration of the estate of a deceased person.' The sole question as I understand it is whether or not an attorney who has been requested by a person (named as executor in a will) to represent him in a contested will case can come into Probate Court under G. L. c. 215, § 39, and have the Probate Court determine the amount due him for professional services rendered in connection with said estate. I ruled that § 39 did not give an attorney such a right and dismissed the petition without prejudice. If I was wrong in dismissing the petition for want of jurisdiction, I feel that after a full and complete hearing of several days that the facts would justly warrant a finding in favor of the petitioner for the amount as above stated, namely $2,700."

G. L. c. 206, § 16, provides: "An executor, administrator, guardian, conservator or trustee shall be allowed his reasonable expenses incurred in the execution of his trust, and shall have such compensation for services as the court may allow." Under G. L. c. 193, § 14, a special administrator may with leave of the Probate Court pay from the per-

sonal property in his hands "the expenses incurred by the executor named in the will of the deceased, or by any other person presenting the same for probate, in proving the will in the probate court or in sustaining the proof thereof in the supreme judicial court. . . ." The expenses of a contest over the probate of a will are spoken of as "expenses of administration" in *Bartlett, petitioner,* 163 Mass. 509, 522. In *Ensign* v. *Faxon,* 224 Mass. 145, 148, decided in 1916, the court said: "one appointed executor of a will, who is obliged to confront a contest in which he finally prevails, necessarily incurs costs in securing the attendance of witnesses and expenses in retaining counsel. In the ordinary case these need not be determined as a part of the proceedings for the proof of the will. The more appropriate proceeding in which to settle such matters is in the petition for allowance of his account. These are expenses which he has incurred in administering the estate. He ought to pay them like any other similar debt and then present them for allowance in his account. That this must be so is apparent from a brief review of the statutes. Before the enactment of St. 1884, c. 131, the courts had no power to award counsel fees in contested probate matters to be paid out of the estate or charged against the other party. *Brown* v. *Corey,* 134 Mass. 249. But those appointed executors who succeeded in getting the will allowed did not bear personally their expenses for counsel fees. These and other necessary disbursements were paid out of the funds of the estate and allowed upon a proper accounting." That opinion was rendered respecting several probate accounts, the latest of which was for a period ending in 1914. All that there was said related to the statutes then controlling and to the contentions there presented, and not to St. 1915, c. 151, § 6, now G. L. c. 215, § 39, enacted after the accounts there under consideration were filed. The proceeding there in issue was not under that statute and the opinion, although mentioning it, contains nothing to govern proceedings like the present.

In *Ginzberg* v. *Wyman,* 272 Mass. 499, 501, the court said in respect to G. L. c. 215, § 39: "The design of that

section is to confer upon the probate courts jurisdiction to deal, in connection with their distinctly probate jurisdiction, with subjects in the nature of claims which before its enactment could be litigated as to primary liability only in courts of law or equity. . . . It simply created a new form of procedure to enforce claims. . . ." In *Mulloney* v. *Barnes*, 266 Mass. 50, 55, the court held that services rendered in opposition to the appointment of an executor, administrator or other fiduciary were not within the language of § 39. "Here, the services for which the petitioners seek compensation were not rendered in connection with the administration of the intestate estate; they were not at the request of the administrator subsequently appointed with their consent; and there is no evidence that such services as were rendered preserved the estate or added to its value." The terms of the statute are broad enough to include services of an attorney rendered under the circumstances described in the report of facts, resulting in a decree allowing the will and appointing the petitioner as executor. The fact that the item might appropriately be included in the executor's account does not preclude the petitioner from proceeding under G. L. c. 215, § 39. The services were rendered at the request of Sheppard who had a duty as executor named in the will to present it for probate, and although the services were rendered before the will was probated they were proper charges against the estate for services rendered in connection with the administration of an estate. *Conley* v. *Fenelon*, 266 Mass. 340, and *Mulloney* v. *Barnes*, 266 Mass. 50, are not in conflict with the conclusion here reached. In *Conley* v. *Fenelon* the services were rendered to a person named executor in a will who was never appointed. These services were held not to have been rendered in the administration of an estate. The charge could not have been allowed in any account, as the services were rendered at the request of a person who never became a fiduciary. The other petitions considered in that case were, one by the special administrator under G. L. c. 193, § 14, and another for services rendered to a contesting heir.

Although this is a proceeding in the Probate Court it is in the nature of a civil action and this court may order a decree to be entered. G. L. c. 231, § 124. *Bailey* v. *Bailey,* 166 Mass. 226. *Graham* v. *Lord,* 170 Mass. 1. *Clarke* v. *Bacall,* 171 Mass. 292. See *Boyle* v. *Gould,* 164 Mass. 144.

The decree must be reversed and a decree entered for the petitioner in the sum of $2,700 in accordance with the provisions of G. L. c. 215, § 39.

*Ordered accordingly.*