GERTRUDE A. L. CURTIS *vs.* FRANK W. CURTIS.

Essex.     November 14, 1935. — January 29, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Probate Court*, Appeal, Findings by judge.  *Marriage and Divorce*, Adul-
tery.

Material facts reported by a judge of probate who heard a libel for divorce
were final in the absence of a report of the evidence; and since they
warranted the inference that the libellee had been guilty of adultery
as charged in the libel, a decree *nisi* was affirmed.

LIBEL for divorce, filed in the Probate Court for the
county of Essex on August 6, 1934.

The case was heard by *Dow*, J.  The libellee appealed
from a decree *nisi*.

The case was submitted on briefs.

*A. B. Tolman*, for the libellee.

*J. W. Sullivan & J. F. Doyle*, for the libellant.

RUGG, C.J.  This libel for divorce charged that, on
divers dates and at different places, the libellee, while hus-
band of the libellant, committed the crime of adultery.
A decree was entered that a divorce be granted and that
the libellee make specified payments weekly for the sup-
port of the libellant.  The evidence is not reported.  At
the request of the libellee the trial judge stated the material

facts found by him. In these circumstances the findings must be .accepted as true. The conclusion and the decree must stand unless not supported by the facts reported. *Hanson* v. *Hanson,* 287 Mass. 154. This report of facts comprises a narration of relations of the libellee with a married woman. They clearly warrant the inference that the charges contained in the libel were sustained. The natural construction to be put upon their conduct was the existence of an adulterous disposition and ample opportunity for its satisfaction. This is too plain to require discussion. It would serve no useful purpose to recite the details. There was evidence of such suspicious circumstances as would lead the reasonable and just mind to the conclusion of guilt. *Thayer* v. *Thayer,* 101 Mass. 111, 113. *Commonwealth* v. *Pitsinger,* 110 Mass. 101. *Murphy* v. *Murphy,* 244 Mass. 110. The case at bar is quite distinguishable from *White* v. *Ely,* 234 Mass. 221, 223.

There was no error in the denial of the motion of the libellee to make further findings of fact. *Mulloney* v. *Barnes,* 266 Mass. 50, 51. *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 214–215.

*Decree affirmed.*