GEORGE H. POTTER, administrator, *vs.* BEATRICE H. MULLANEY & another.

SAME *vs.* JOSEPH LIPSITT & another.

SAME *vs.* JOHN B. RIDDOCK & another.

Bristol.  October 24, 1938. — November 29, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Probate Court*, Jurisdiction, Costs, Allowance for services.

A probate court is without power, under either § 45 or § 39 of G. L. (Ter. Ed.) c. 215, upon a petition by an administrator after the disallowance of a will, to determine the validity of and to allow a claim for services of an attorney at law "in the matter of the disallowance of the purported will."

Upon the record on an appeal from a decree of a probate court determining the validity of and allowing a claim of an attorney at law for services to an administrator in relation to "securing a restraining order against transferring property," the evidence not being reported and findings of fact being general, this court was unable to determine that the services were not rendered to the administrator, or to hold that the decree was beyond the power of the court.

Under a petition by an administrator, a probate court had no power to determine the validity of and to allow a claim of an attorney at law for services rendered to a temporary conservator of the decedent and expenses incurred in connection therewith.

THREE PETITIONS, filed in the Probate Court for the county of Bristol on November 15, 1937.

From decrees entered after hearings by *Hitch*, J., Annie A. McGowan, a daughter of the intestate, appealed.

*S. Barnet & P. Barnet*, for the respondent Annie A. McGowan, submitted a brief.

*B. H. Mullaney*, pro se.

DOLAN, J. These are appeals claimed by one of the heirs at law of Ellen Martin, late of New Bedford, deceased, from three decrees entered in the Probate Court upon a petition in each case seeking to have the validity of certain claims of an attorney at law determined, and for authority to pay such sums, if any, as the court should find to be due.

The petitions appear to be phrased in the language of § 2 of G. L. (Ter. Ed.) c. 197, which relates to the payment of debts, legacies and distributive shares. By the consideration of the appeals we do not decide that petitions to establish such claims as are here involved would lie under the provisions of that chapter. See *French* v. *Bray*, 263 Mass. 121; *Old Colony Trust Co.* v. *Segal*, 280 Mass. 212. We treat the petitions, however, in the same manner as the parties have treated them, that is, as if they were proceedings under G. L. (Ter. Ed.) c. 215, § 39, or § 45.

The evidence is not reported and the judge made no report of material facts found by him under G. L. (Ter. Ed.) c. 215, § 11, but in each case he made findings in the decree in which he specified the character of the claims which he decreed to be valid and authorized to be paid. Since these findings touched the issues raised by the petitions we think the contention of the appellant, that the judge was without power so to decree with relation to the kind of claims specified in the petitions and decrees, is open on the appeals. See *Schuka* v. *Bagocius*, 294 Mass. 597; *Conley* v. *Fenelon*, 266 Mass. 340, 342; *Olsen* v. *Olsen*, 294 Mass. 507, 508.

In the decrees entered relating to the respective claims of the attorneys Mullaney and Lipsitt, the judge found that each had "rendered services in connection with the administration of . . . [the] estate [of the deceased] in the matter of the disallowance of the purported will of . . . [the deceased] and the appointment of an administrator," and also in the case of the claims of Mullaney that she had rendered services in securing an order restraining the transfer of property. In these cases he also found that the services were for the benefit of the estate and decreed that the claims were valid and authorized the administrator in each case to pay a lump sum in satisfaction thereof.

In the matter of the claim of the attorney Riddock the judge found that "Riddock rendered services in connection with the administration of said estate in the matter of the disallowance of the purported will of Ellen Martin, and in connection with securing a restraining order against transferring property, which services were for the benefit of said estate, and also rendered services to the temporary conservator of Ellen Martin," and "decreed that John B. Riddock has a valid claim against said estate for services in the matter of the disallowance of the will of Ellen Martin to the amount of $250 and for services in the matter of said restraining order, $25 and in the matter of services to the temporary conservator, $100 and expenses amounting to $13.45 — total $388.45, and said administrator is authorized to pay the same."

The appellant contends that the judge was without power to decree to be valid and authorize to be paid the several claims in each case, either as costs and expenses under G. L. (Ter. Ed.) c. 215, § 45, or as services rendered to the administrator, or in connection with the administration of the estate of the deceased under § 39 of that chapter. Beatrice H. Mullaney, the only claimant affected who appeared in the proceedings before us, contends that the claims involved were properly allowed under the provisions of § 39.

It is undisputed that the petitions were brought after final decree had been entered disallowing the instrument purporting to be the will of the deceased. In so far as

the claims involved are for services rendered "in the matter of the disallowance of the purported will" of the deceased, it is settled by what is said in the case of *Mulloney* v. *Barnes*, 266 Mass. 50, 54, that they cannot be allowed under the provisions of § 45 or under those of § 39. In that case the long settled principle that costs and expenses may not be allowed under § 45 after the entry of final decree in the proceeding in which they arise was affirmed. See also *Untersee* v. *Untersee*, 299 Mass. 417, 424, and cases cited. In the *Mulloney* case it was also held that the provisions of § 39 do not "give an additional or alternative remedy for the recovery of costs and expenses incurred in connection with the administration of a probate estate . . . [their] manifest purpose being to confer power upon the Probate Court to determine the amount due any person for services rendered the estate in matters which are enumerated in the statute"; and that "these do not include services rendered and expenses incurred in opposition to the appointment of executors . . . or other fiduciary appointed by the Probate Court." The same rule governs cases where services are rendered in successful opposition to the allowance of a will or to the appointment of a fiduciary, and in such cases also costs and expenses may not be allowed under § 39 or in any other way after final decree is entered in the proceeding itself to which they are incidental. They cannot be said to have been services rendered in the administration of an estate. *Conley* v. *Fenelon*, 266 Mass. 340, 346. *Moushegian* v. *Sheppard*, 279 Mass. 49, 53. The other cases cited by the claimant Mullaney are distinguishable in the facts from the present cases. It follows that, in so far as allowances were made in each of the cases for services of the claimants rendered "in the matter of the disallowance of the purported will" of the deceased, the judge was without power to enter the decrees appealed from.

In the matter of services in connection with the appointment of the administrator in the cases of the claims of Mullaney and Lipsitt and in relation to "securing a restraining order against transferring property" in the cases affecting Mullaney and Riddock, in the absence of a report of

the evidence and of more particular findings of fact, we are unable to say that they were not services rendered to the administrator, and hence cannot hold that the judge was without power on any evidence that he might have heard to authorize the administrator to pay for those services.

We think that the allowance of the claim of Riddock for services rendered to the temporary conservator of the deceased and expenses incurred in connection therewith was not within the power of the judge to decree upon the petition relating thereto.    Such services would constitute a contract between the claimant and the temporary conservator, see *Day* v. *Old Colony Trust Co.* 228 Mass. 225, 228, and cases cited, properly to be taken care of through the allowance of his account, *Mulloney* v. *Barnes*, 266 Mass. 50, 54, or by appropriate proceedings brought by the temporary conservator or by Riddock under G. L. (Ter. Ed.) c. 215, § 39, (*Ginzberg* v. *Wyman*, 272 Mass. 499,) or by an action at law.

In the respective cases relating to the claims of Mullaney and Lipsitt the judge allowed a lump sum for the several services involved.    We have no means of determining what portion of the sum allowed was for services of a character for which we have said he was without power to allow payment.    Hence in these cases the decrees must be reversed and the cases remanded to the Probate Court for further proceedings in accordance with what we have said.

In the case having to do with the claims of Riddock, the judge allowed a specific sum for each particular character of service passed upon.    The decree in that case is to be modified by providing that Riddock has a valid claim for services in connection with securing a restraining order against transferring property in the sum of $25, and that all other of his claims be disallowed.    As so modified it is affirmed.

*Ordered accordingly.*