JOHN V. CONDON *vs.* RAYMOND S. HAITSMA, administrator.

Suffolk.   January 6, 1950. — February 10, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Executor and Administrator,* Attorney. *Limitations, Statute of. Statute,* Retroactive statute. *Words,* "At any time."

Section 11 of G. L. (Ter. Ed.) c. 260 did not apply to nor bar a petition by an attorney at law under § 39A, inserted in G. L. (Ter. Ed.) c. 215 by St. 1947, c. 536, for services rendered and expenses incurred in connection with the administration of the estate of a decedent more than a year preceding the filing of the petition.
Section 39A, inserted in G. L. (Ter. Ed.) c. 215 by St. 1947, c. 536, is retroactive.

PETITION, filed in the Probate Court for the county of Suffolk on January 27, 1949.

The case was heard by *Dillon,* J.

*E. T. Simoneau,* for the respondent.

*J. V. Condon,* pro se.

COUNIHAN, J.   This is an appeal by the administrator with the will annexed of the estate not already administered of John C. Esther from a decree of the Probate Court dated May 2, 1949, allowing in the sum of $250 a petition of an attorney, filed January 27, 1949, for services rendered and expenses incurred by him in connection with the estate of said Esther.   It was stipulated by the parties and found by the judge in his report of material facts that the reasonable value of the services rendered and expenses incurred was $250, and that no services were rendered or expenses incurred subsequent to January 1, 1947.   The judge further

found that the petition was brought under G. L. (Ter. Ed.) c. 215, § 39A, as inserted by St. 1947, c. 536,[1] and was entered, heard and disposed of during the time within which the estate of the deceased was being administered under the jurisdiction of the Probate Court. The issue here for determination is whether or not the claim of the petitioner is barred by G. L. (Ter. Ed.) c. 260, § 11.[2] The administrator contends that it is so barred and relies on *Ginzberg* v. *Wyman*, 272 Mass. 499, decided before the enactment of § 39A. There it was held that an attorney's claim for services and expenses under G. L. c. 215, § 39,[3] was barred by G. L. c. 260, § 11.

---

[1] "At any time during the administration of an estate, and irrespective of the pendency of a particular proceeding, the probate court shall have power to hear an application for, and fix and determine, the compensation and expenses of an attorney for services rendered to the estate or to its representative or to a devisee, legatee, distributee or any other person interested therein.

"Such application shall be instituted by a petition, upon a form provided by the court. Notice of the application shall be given in such manner as the court shall direct. In the event that the court shall determine that any sum or sums is or are due to the petitioner or to any other party interested in the application, the compensation shall be awarded on an equitable basis in accordance with the size, importance, complexity and difficulty of the matters involved and the time spent thereon. The court may direct payment thereof from the estate generally or from funds in the hands of the representative of the estate and belonging to any legatee, devisee, distributee or other person interested therein.

"In the event that the court shall determine that any such attorney has already received or been paid a sum in excess of the fair value of his services on such equitable basis, as thus determined, the court shall have power to direct him to refund such excess."

[2] "An action founded on any contract made or act done, if made or done by any person acting as the executor, administrator or other legal representative of the estate of a deceased person, shall be brought within one year, or, if made or done by any person acting as trustee, guardian or conservator, shall be brought within two years, after the right of action accrues; provided, that this section shall not apply to actions upon probate bonds, or to actions in favor of the estate of which such person shall have been such legal representative, or to actions in favor of a beneficiary or ward, or to actions brought by the commonwealth."

[3] "Probate courts may ascertain and determine the amount due any person for services as appraiser, for premiums of surety companies for acting as surety upon the official bonds of administrators, executors, trustees, guardians, conservators or receivers, or for services rendered by any person in connection with the administration of the estate of a deceased person, or with the administration of any trust, guardianship, conservatorship or receivership; and payment of said amount when ascertained and determined to be due may be enforced summarily by said court upon motion of the person to whom the amount is due in the same manner as a like payment under a decree in equity may be enforced, and execution may also be issued therefor against the executor, administrator, trustee, guardian, conservator or receiver personally as upon a judgment at law."

We are of the opinion that § 39A, which differs in its terms and in its subject matter from, § 39, removes this petition from the limitation of time in bringing it and that G. L. (Ter. Ed.) c. 260, § 11, is no bar, so that *Ginzberg* v. *Wyman*, 272 Mass. 499, is inapplicable. Section 39 omits any reference to the time in which petitions under it may be brought and imposes no restriction upon the class of persons who may bring such petitions, so that it might be correctly held that the limitation of c. 260, § 11, would apply to petitions under § 39. Section 39A specifically extends the period in which petitions under it may be brought to *any time* during the administration of the estate and likewise specifically restricts such petitions to an attorney who has rendered services to the estate or to any person interested in the estate. The court is given greater power in point of time to act under § 39A than in § 39.

The administrator contends there is nothing in § 39A which shows an intention of the Legislature to exclude the matters coming within its purview from the bar imposed by c. 260, § 11. We cannot agree with that contention. There is no ambiguity in the language of § 39A, and where the language of a statute is plain there is no room for speculation as to its meaning or its implication. The Legislature must be presumed to have meant what the words plainly say, and it also must be presumed that the Legislature knew preëxisting law and the decisions of this court. *Selectmen of Topsfield* v. *State Racing Commission*, 324 Mass. 309, 312–313, and cases there cited.

The legislative history of § 39A makes it apparent that it was designed to remove the bar of limitation of time in so far as it applies to petitions brought under it and to nullify the effect of the decision in *Ginzberg* v. *Wyman*, 272 Mass. 499, as to such petitions. The subject matter of § 39A was first introduced as House, No. 884 of 1947, and provided that, where any petition was filed in the Probate Court, counsel for the petitioner might file a separate petition for his fees in the matter involved in the petition, which should be awarded equitably. Apparently after a

hearing by a legislative committee, it next appears as House, No. 2082 of 1947, which provided that, where any petition was filed in the Probate Court, counsel for the petitioner might at *any time* file a separate application for his fees and expenses, which should be awarded upon an equitable basis. Subsequently in the Senate this was amended to its present form as it appears in the Senate Journal, 1947, page 1000, and was adopted as St. 1947, c. 536.

We think that the words "at any time" and the restriction of persons who may petition under § 39A do introduce a material change from the provisions of § 39. Chief Justice Rugg in *Ginzberg* v. *Wyman*, 272 Mass. 499, said that § 39 merely created a new form of procedure to enforce a claim against estates of deceased persons, and that a change in the form of the remedy afforded, *without more*, did not change the statute of limitations. We are convinced, however, that § 39A adds the "more" by permitting *attorneys only*, at *any time* during which administrative proceedings are pending, to petition for the establishment and payment of their claims for expenses incurred and for services rendered to the estate or any person interested therein.

There can be no objection to the result we arrive at because the services and expenses, for which payment and reimbursement are sought, were rendered and incurred prior to the effective date of § 39A. This statute related only to the remedy and procedure in collecting a claim and affected no substantial rights, so that it may be said to operate retroactively. *E. B. Horn Co.* v. *Assessors of Boston*, 321 Mass. 579, 584, and cases there cited.

*Decree affirmed.*