THOMAS J. LANE *vs.* KATHERINE CRONIN, executrix,
& another.

Essex. October 4, 1962. — October 31, 1962.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, CUTTER,
KIRK, & SPIEGEL, JJ.

*Executor and Administrator,* Attorney. *Attorney at Law.*

Where a purported will of a decedent delivered to the Probate Court by
the person named as executrix therein was disallowed as "not legally
executed" and a petition for its probate was dismissed, services per-
formed in good faith by her attorney in preparing for and at hearings
on her petition for probate and a petition for probate of an earlier will
of the decedent, which was allowed, conferred no benefit on the dece-
dent's estate, and the attorney was not entitled to payment for his
services and expenses from the estate generally under G. L. c. 215, § 39A.

PETITION filed in the Probate Court for the county of
Essex on June 10, 1960.

The case was heard by *Costello,* J.

*Michael A. Molloy (James P. Brennan* with him) for the
respondents.

*Thomas J. Lane,* pro se, *& George Karelitz* submitted a
brief.

WILLIAMS, J. These are appeals by the executrix of the
will of Edward J. Cronin, late of Peabody, and of Alice M.
Cronin, a beneficiary under the will, from a decree of the
Probate Court allowing the payment of $900 out of the
estate to an attorney for compensation and expenses in con-
nection with a petition for probate of a document alleged
to be the last will of the testator. Probate was denied and
the will disallowed.

The material facts were reported by the judge as fol-
lows: Edward J. Cronin died November 24, 1958, leaving
as his only heir and next of kin his mother, Alice M. Cronin.
On December 10, 1958, Katherine Cronin filed a will of the
testator dated March 18, 1958, in which she was named
executrix, together with a petition for probate of that in-

strument. On December 22, 1958, one Gertrude A. Horrigan filed a document purporting to be another will of the testator which was dated November 20, 1958, in which she was named executrix, together with a petition for probate of the will. On July 22, 1959, Mr. Thomas J. Lane, an attorney, filed his appearance on behalf of Gertrude A. Horrigan on her petition for probate of the will dated November 20, 1958. There were hearings on the two petitions for probate, and on May 17, 1960, a decree was entered that the will dated November 20, 1958, "was not legally executed," that the will be disallowed, and that the petition for its probate be dismissed. On June 16, 1960, a decree was entered allowing the will of March 18, 1958, as the last will and testament of the deceased. In preparing for the hearings, Mr. Lane "secured the assistance of able and competent counsel. They held conferences with the attesting witnesses, examined the records of the hospital where the testator had been confined prior to his death and presented such records as evidence at the hearing. He also conferred with the doctor who treated the testator for a long period prior to his death, and had this doctor testify at the hearing." Mr. Lane and counsel who assisted him acted in good faith in the honest belief that the will offered for probate had been legally executed. In the preparation and trial of the petition, Mr. Lane has expended the sum of $291, and has incurred expenses for medical and expert testimony in the sum of $480.08. The gross estate now in the hands of Katherine Cronin, the executrix, is approximately $40,000.

On June 11, 1960, Mr. Lane filed a petition that the Probate Court fix and determine his compensation and expenses and direct payment thereof from the estate generally or as the court might determine. The court entered a decree allowing the sum of $900 to be paid out of the estate for such compensation and expenses.

The question for decision is whether under G. L. c. 215, § 39A, inserted by St. 1947, c. 536, on which the petitioner relies, the court had authority to enter the decree. That statute provides that "[a]t any time during the administra-

tion of an estate . . . the probate court shall have power to hear an application for, and fix and determine, the compensation and expenses of an attorney for services rendered to the estate or to its representative or to a devisee, legatee, distributee or any other person interested therein. . . . The court may direct payment thereof from the estate generally or from funds in the hands of the representative of the estate and belonging to any legatee, devisee, distributee or other person interested therein."

We held in *Miller* v. *Stern,* 326 Mass. 296, 304, that to recover under this statute from an estate generally an attorney must show that his services conferred a benefit upon the estate, and "benefit conferred" means assistance in "creating, preserving or increasing the estate." It is evident that the efforts of Mr. Lane in attempting to have probated a document which was not provable as a will conferred no benefit on the Cronin estate. See *Mulloney* v. *Barnes,* 266 Mass. 50; *Conley* v. *Fenelon,* 266 Mass. 340; *Moushegian* v. *Sheppard,* 279 Mass. 49. Cf. *Brayton* v. *Stoughton,* 335 Mass. 321.

The obligation of a person having custody of a will to deliver such will into the Probate Court (G. L. [Ter. Ed.] c. 191, § 13) does not require the custodian to take proceedings for its probate, and if the will is not properly executed its delivery to the court does not, as contended by the petitioner, confer benefit upon the estate.

The petitioner is not entitled to payment from the estate of his compensation and expenses. The decree must be reversed and a decree entered denying the petition.

*So ordered.*