JAMES T. RONAN *vs.* NAUMKEAG TRUST COMPANY, trustee. May 3, 1972. This is a petition for attorney's fees and expenses filed in the Probate Court under G. L. c. 215, §§ 39A and 39B, and requesting the court to direct payment thereof from the estate of one Patrick J. Lynch "generally or as the Court may determine." The petition alleges that the petitioner rendered services and incurred expenses in connection therewith concerning a petition for instructions filed by the Naumkeag Trust Company, trustee under the will of said Patrick J. Lynch. The transcript on the petition for instructions is before us, but in connection with the instant petition the transcript is not before us. A decree was entered denying the petition from which decree the petitioner appeals. The judge made a report of material facts. He found "that the services rendered by . . . [the petitioner] were services rendered for the benefit of the respondents for whom he appeared" and "that the expenses and services rendered by . . . [the petitioner] should be paid for by his clients who retained him to represent them." The judge also found that the testimony of one of the respondents represented by the petitioner in the hearing on the petition for instructions "did not render any benefit for or in connection with the administration of the estate of [the aforementioned] Patrick J. Lynch." The petitioner represented only two of the "some forty beneficiaries" listed as respondents in the trustee's petition for instructions. We see nothing wrong in the judge's findings. Contrary to the petitioner's contention, we are of opinion that the report of material facts supports the decree. There was no abuse of discretion. See *Miller* v. *Stern,* 326 Mass. 296, 300–304; *Lane* v. *Cronin,* 345 Mass. 52, 54.

*Decree affirmed.*

*John T. Ronan* for the petitioner.
*William B. Welch (Robert W. Welch* with him) for the respondent.


MICHAEL W. ALBANO, individually and as trustee, *vs.* NORTH ADAMS HOOSAC SAVINGS BANK. May 3, 1972. This controversy involving a demand note originated in a petition in equity to enjoin the foreclosure of a mortgage and to determine if the petitioner was liable for certain charges based on alleged late or past due payments. The suit was heard before a judge of the Probate Court. The evidence before him is not reported and no report of material facts found by him was made by him either voluntarily or at the request of a party. See G. L. c. 215, § 11. The judge entered a comprehensive final decree enjoining the respondent from collecting late charges on the note in question, and ordering that the respondent pay the petitioner certain sums of money wrongfully charged and collected from him. The only question before us is whether the final decree falls within the scope of the allegations of the bill. The entry of that decree imports that the judge has found every necessary fact required to support such entry. *Abeloff* v. *Peacard,* 272 Mass. 56, 59. See *Gallagher* v. *Phinney,* 284 Mass. 255, 257–258; *Moulton* v. *Thompson,* 291 Mass. 308, 309. There was no error.

*Decree affirmed.*

The case was submitted on briefs.
*Samuel L. Thompson & Jonathan P. Rice* for the respondent.
*Jerome S. Gold* for the petitioner.