MAILIS M. KARVONEN *vs.* LEMPI HALMETOJA & others. February 6, 1979. Counsel for the three persons who unsuccessfully opposed the petition for the allowance of the will were not entitled to payment of their fees and expenses from the estate generally under either § 39A or § 45 of G. L. c. 215, because their services were not rendered in the administration of the estate nor for the estate or its representative, nor did their services confer a benefit on the estate. See *Mulloney* v. *Barnes,* 266 Mass. 50, 54 (1929); *Conley* v. *Fenelon,* 266 Mass. 340, 343-345 (1929); *Collis* v. *Walker,* 272 Mass. 46, 49 (1930); *Potter* v. *Mullaney,* 301 Mass. 497, 500 (1938); *Miller* v. *Stern,* 326 Mass. 296, 300-304 (1950); *Lane* v. *Cronin,* 345 Mass. 52, 54 (1962); *Ronan* v. *Naumkeag Trust Co.,* 361 Mass. 892 (1972); Newhall, Settlement of Estates §§ 32 (at 118-119) and 33 (at 127-128) (4th ed. 1958); but see *Greene* v. *Cronin,* 314 Mass. 336, 344-345 (1943). Contrast *Brayton* v. *Stoughton,* 335 Mass. 321, 326-327 (1957) (fairness required that counsel for certain heirs be paid from the estate for services in opposing unlawful plan of distribution); *Perry* v. *Perry,* 339 Mass. 470, 484-486 (1959) (testamentary trust charged for payment of fees to counsel who successfully defended the trustees); *New England Trust Co.* v. *Triggs,* 339 Mass. 453, 456-457 (1959) (counsel paid fee from testamentary trust for services which benefited the trust); *First Natl. Bank* v. *Sullivan,* 4 Mass. App. Ct. 414, 417-423 (1976) (counsel paid fee under the provisions of G. L. c. 215, § 39B, to which the "benefit to the estate" rule does not apply). Because § 39A does authorize a Probate Court to determine a fee for legal services to "a devisee, legatee, distributee or any other person interested [in an estate]" and to order it paid "from funds in the hands of the representative of the estate and belonging to" the said legatee, devisee, distributee or other person, the probate judge may, on motion of counsel for the two sisters of the testator who were named as legatees in the will (if those legacies have not yet been distributed), reconsider his request for a counsel fee from that viewpoint. Compare *Miller* v. *Stern,* 326 Mass. at 304-305. The portion of the decree awarding counsel fees is to be struck and the case remanded for further proceedings not inconsistent herewith.

*So ordered.*

*Meyer H. Goldman (Elizabeth A. DiLoreto* with him) for the plaintiff.

*Terence F. Riley* for Lempi Halmetoja & another.

*William R. Bloom* for Ida Lerer, intervener.