MARGUERITE M. DOLAN *vs.* DORIS SEVERANCE, administratrix. July 7, 1981. On the ground that the services rendered by the petitioner conferred no benefit upon the estate, a probate judge dismissed, as a matter of law, a petition for counsel fees and expenses incurred in behalf of proponents and named coexecutors of a will which was disallowed. It has been consistently held that in order for counsel fees and expenses to be fixed and determined by a probate judge under G. L. c. 215, § 39A, the attorney must show that his or her services "conferred a benefit upon the estate, and 'benefit conferred' means assistance in 'creating, preserving or increasing the estate.'" *Lane* v. *Cronin,* 345 Mass. 52, 54 (1962), quoting from *Miller* v. *Stern,* 326 Mass. 296, 304 (1950). A benefit is not conferred on an estate when a lawyer attempts to probate a document which

is not accepted as a valid will. *Lane* v. *Cronin, supra* at 54. The fact that the proponents of the will were named coexecutors in the offered document does not change the settled law. *Id.* at 54 (custodian of invalid will by presenting it for probate does not confer a benefit upon the estate). The policy reasons enunciated in the cases involving G. L. c. 215, § 39A, apply with equal force to this application for fees, under G. L. c. 215, § 45. *Karvonen* v. *Halmetoja*, 7 Mass. App. Ct. 855 (1979).

*Decree affirmed.*

*Diane H. Esser* for the plaintiff.
*Edward P. Smith* for the defendant.