TIMOTHY J. MCINERNEY *vs.* SARAH A. LALLY. November 5, 1981. This is an appeal from a judgment of the Probate Court appointing the plaintiff, Timothy J. McInerney, executor of the will of Bernard M. Lally. The record discloses that on January 31, 1969, the testator executed a will in which, inter alia, he made a bequest of $1,000 to Mr. McInerney, who was acknowledged in the bequest as the testator's attorney. The will also nominated Mr. McInerney to be the executor. No provision was made for the testator's widow, Sarah A. Lally, the defendant-appellant here. On the cover of the will are the words "from the office of Timothy J. McInerney," and Lally declares in her brief that Mr. McInerney was the one who drew the will. On December 22, 1978, the testator died. Mr. McInerney petitioned for probate of the will and for his appointment as executor. After a hearing and over the objection of Lally the probate judge allowed the will and appointed Mr. McInerney executor, subject to filing a surety company bond in the amount of $25,000. The judge found Mr. McInerney to be a "competent and suitable person to be appointed to said trust." In due course, Mr. McInerney qualified as executor upon the approval of his surety company bond. Lally contends that Mr. McInerney is not suitable to serve as executor because of his suspension from the practice of law and because of his conduct in drawing a will in which he was named as a beneficiary.

Ordinarily where, as in this case, there is no report of evidence and no report of material facts made by the probate judge, either voluntarily or at the request of a party, see G. L. c. 215, § 11, our scope of review is a narrow one. In such a situation the only question before the court is whether the judgment of the Probate Court is within the scope of the pleadings. The decision of the trial judge imports findings by him of

every fact necessary to support the judgment. *Albano* v. *North Adams Hoosac Sav. Bank*, 361 Mass. 892 (1972). *Home Ins. Co.* v. *Marino*, 359 Mass. 748 (1971).

We decline to hold that as a matter of law, on the sparse record before us, the factors alleged by Lally render a person unsuitable to serve as the executor of a will. However, this court has summary jurisdiction to inquire into practices at the Bar which tend to bring the administration of justice into disrepute, and it may do so without strict adherence to formal procedural requirements. *Matter of Mayberry*, 295 Mass. 155, 160 (1936). *Matter of Keenan*, 287 Mass. 577, 582 (1934). Our discretion in such matters is appropriately exercised where an attorney is appointed by a court to act under its supervision in a fiduciary capacity. The records of this court show that Mr. McInerney was suspended from the practice of law on January 1, 1972. In more recent proceedings before this court concerning Mr. McInerney's application for termination of his suspension, the memorandum and findings of fact of the single justice, dated September 25, 1981, disclosed many more instances of misconduct that have taken place since Mr. McInerney's suspension. "A judgment of removal of a person from his office of attorney at law does not have the effect merely of removing him. It amounts also to an adjudication of the facts upon which the removal was based." *Matter of Keenan*, 313 Mass. 186, 218 (1943). The statute pursuant to which Mr. McInerney was appointed obligates the Probate Court to satisfy itself that the person is "suitable" to undertake the trust for which he has been nominated. G. L. c. 192, § 4. There is nothing before us to show that the judge considered or had available to him the numerous facts which have been established in the records of this court and which are relevant to Mr. McInerney's suitability. Accordingly, we think it appropriate to afford the judge an opportunity to reconsider the appointment of Mr. McInerney. Such a reconsideration will afford Lally an opportunity, inter alia, to place copies of this court's records before the judge, and to request a report of material facts found by the judge. G. L. c. 215, § 11. The case is therefore remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*

The case was submitted on briefs.
*Frank W. Cormack* for the defendant.
*George F. Mahoney* for the plaintiff.