Merrigan, J.
The defendant, William E. Dwyer, Jr. (Dwyer), Administrator of the Estate of John A. O’Keefe, III, With the Will Annexed, appeals from a judgment entered in the District Court. The plaintiff, Environmental Compliance Services, Inc. (Environmental), filed suit seeking payment for professional services rendered to Dwyer in his fiduciary capacity as administrator of the estate of O’Keefe. In his answer, Dwyer, as fiduciary, admitted that services were rendered to the estate of O’Keefe through February 28, 1992, but denied that he had refused to pay for such services. Among other defenses, Dwyer asserted that the claim was barred by G.L.c. 260, §11, the statute of limitations. Environmental filed a motion for summary judgment which, on the basis of the defendant’s answer and affidavits by the plaintiffs agent and Dwyer, was allowed as to liability. A finding on damages was made after a hearing before a different judge at a later date.
Dwyer raises several issues on appeal. The only issue of merit involves the statute of limitations. Dwyer argues that this action is untimely and barred by G.L.c. 260, §11.[2] This statute requires that actions based upon contracts made by an executor or administrator be brought within one year. It is undisputed that the last date of service was February 28, 1992 and that suit was not filed until June 28, 1993. The suit against Dwyer as fiduciary was filed beyond the one year allowed by G.L.c. 260, §11. Environmental’s claim is time-barred. See Ginzberg v. Wyman, 272 Mass. 499 (1930).
The allowance of the Motion for Summary Judgment is reversed and the judgment is vacated.
This case is remanded to the District Court for entry of an order dismissing the complaint.[3]

 G.L.c. 260, §11 provides in part: “An action founded on any contract made... by any person acting as the executor, administrator or legal representative of the estate of a deceased person shall be brought within one year... after the cause of action accrues;...”

 Environmental did not file a brief or appear for argument before the Appellate Division.